Stephen B. Morris (SBN 126192)
Mark C. Hinkley (SBN 138759)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, California 92101
Tel: (619) 239-1300
Fax: (619) 234-3672
morris@sandiegolegal.com

**Walter Haines (SBN 71075)**
**UNITED EMPLOYEES' LAW GROUP, P.C.**
**65 Pine Avenue, #312**
**Long Beach, CA 90802**
**Tel: (877) 696-8378**

Attorneys for Plaintiffs

**FILED**

AUG 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOM, an individual on behalf of himself and JUSTIN KELLEY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation conducting business in the State of California, and Does 1 to 10.<br><br>        Defendants. | CV 08 CASE NO. **3756**<br><br>**ORIGINAL COMPLAINT FOR DAMAGES AND RELIEF**<br><br>**1. FAIR LABOR STANDARDS ACT CLAIM**<br><br>**2. FAILURE TO PAY OVERTIME COMPENSATION**<br>[Cal. Lab. Code §§510, 515, 1194, 1198]<br><br>**3. FAILURE TO PROVIDE MEAL AND REST PERIODS**<br>[Cal. Lab.Code §§226.7, 512]<br><br>**4. FAILURE TO PROVIDE WAGES WHEN DUE**<br>[Cal. Lab.Code §§201-203];<br><br>**5. FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**<br>[Cal. Lab. Code §226(a)]; and<br><br>**6. UNFAIR COMPETITION**<br>[Cal. Bus. & Prof. Code §17200, *et seq.*]<br><br>**<u>CLASS ACTION</u>**<br><br>**DEMAND FOR A JURY TRIAL** |

1   This class action is brought on behalf of present and former Field Services
2   Supervisors employed in the United States by Defendant DHL EXPRESS (USA),
3   INC. (hereinafter "DHL"). All allegations in this Complaint are based upon
4   information and belief except for those allegations which pertain to the Plaintiffs
5   named herein, RICHARD HOM and JUSTIN KELLEY, (hereinafter
6   "PLAINTIFFS"), and their counsel. Each allegation in this Complaint either has
7   evidentiary support or is likely to have evidentiary support after a reasonable
8   opportunity for further investigation and discovery.

9

10   **PRELIMINARY STATEMENT**

11   1.      This is an action for unpaid minimum wages, overtime, and damages
12   brought by Plaintiffs on behalf of themselves and other similarly situated Field
13   Services Supervisors who were employed by Defendant in the United States.

14   2.      Plaintiffs allege that the wage violations at issue arose out of a policy
15   and practice of Defendant applicable to other, similarly situated workers. Plaintiffs
16   seek money damages to redress these violations of law.

17

18   **JURISDICTION**

19   3.      This Court has jurisdiction over the subject matter of this action
20   pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331
21   (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of
22   Congress regulating commerce).

23

24   **VENUE**

25   4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue
26   is proper in this Court because the injuries to the persons complained of herein
27   occurred in the County of Alameda, California.

28

**PARTIES**

5.    Plaintiffs RICHARD HOM and JUSTIN KELLEY ("PLAINTIFFS")

allege that at all material times mentioned herein, they are and were:

      (a)    Individuals who currently reside in the State of California;

      (b)    Employed as a Field Services Supervisor for Defendant DHL;

      (c)    Who worked more than eight (8) hours in any given day and
           more than forty (40) hours in any given week;

      (d)    Did not receive overtime compensation; and

      (e)    Are members of the CLASS as defined in this Complaint.

6.    PLAINTIFFS are informed and believe, and allege upon information

and belief, that Defendant DHL, at all times during the Class Period was:

      (a)    A shipper/delivery service with its main office located in the
           State of Florida and conducting business throughout the United
           States and in the County of Alameda in the State of California;

      (b)    The current and/or former employer of PLAINTIFFS and the
           current and/or former employer of the putative CLASS members;
           and

      (c)    Failed to pay overtime compensation to all members of the
           CLASS.

7.    PLAINTIFFS seek to bring their claims on behalf of "all Field Services

Supervisors employed in the United States by Defendant during the Claims Period"

and will further represent any such individuals who have additional timely claims

arising from employment with DHL.

**REPRESENTATIVE CLASS ALLEGATIONS**

8.    This Complaint is brought, in part, as a Representative Action as

authorized by the Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec.

216(b).

1  9.     It is the position of counsel for the PLAINTIFFS that this action is not
2  subject to the requirements and Procedures of Fed.R.Civ.P. 23.

3  10.    The class is so numerous that joinder of all members is impractible.

4  11.    PLAINTIFFS are adequate representatives of the proposed
5  representative CLASS hereunder, because:

6        (a)     Their claims are typical of those of other persons in the
7             represented CLASS;

8        (b)     They are represented by competent counsel with experience in
9             related litigation; and

10        (c)     Defendant acted on grounds common to all members of the
11             represented CLASS.

12  12.    Alleged questions common to the CLASS are set forth in detail below.

13  13.    Alleged questions of law arise primarily from Defendant's obligations
14  under the Federal Fair Labor Standards Act. Those questions are common to all the
15  FLSA claims.

16  14.    There is little need for individual represented CLASS members to
17  individually control their claims as the issues are common to all persons and
18  primarily involve common issues of law.

19  15.    Counsel is unaware, after inquiry, of any pending litigation involving
20  this issue with Defendant.

21  16.    This forum is an appropriate forum for concentration of FLSA
22  litigation of claims involving the Defendant as the practice of denying overtime
23  benefits was carried out in this forum and caused injury in this district.

24  17.    No serious difficulties are anticipated in the administration of this
25  matter as a representative action if Defendant promptly cooperates in the provision
26  of information necessary to communicate with potential represented class
27  members.

28

1

## FACTS

2    18.    At all times relevant herein, Defendant was an enterprise engaged in

3 commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

4    19.    PLAINTIFF RICHARD HOM alleges that he was employed by DHL

5 from February, 2007 to the present, 2007 as a Field Services Supervisor and

6 PLAINTIFF JUSTIN KELLEY alleges that he was employed by DHL from

7 January, 2005 to February, 2008 as a Field Services Supervisor.

8    20.    Defendant DHL improperly classified PLAINTIFFS, and other

9 members of the CLASS, as "exempt." Consequently, the PLAINTIFFS, and the

10 other members of the CLASS, were not paid overtime wages for hours worked in

11 excess of eight hours per day and/or forty hours per week. Although classified as

12 exempt, the duties of PLAINTIFFS, and other members of the CLASS, do not meet

13 the requirements for exemption from overtime compensation.

14    21.    Throughout the Class Period, DHL systematically misclassified

15 PLAINTIFFS and every other Field Services Supervisor who are members of the

16 CLASS as "exempt," when in fact they are not.

17    22.    Accordingly, and despite the fact that PLAINTIFFS, and the other

18 members of the CLASS, regularly worked in excess of 8 hours a day and 40 hours

19 per week, they did not receive overtime compensation in violation of the Federal

20 Fair Labor Standards Act (FLSA) and state law overtime requirements for all hours

21 worked in excess of 40 hours per week. The failure to provide such overtime

22 payment to PLAINTIFFS deprived them of rights protected under the FLSA and

23 Cal. Lab. Code and Industrial Welfare Commission.

24

25

## FIRST CAUSE OF ACTION

26

**FAIR LABOR STANDARDS ACT CLAIM**
**(By the CLASS and Against all Defendants)**

27

28    23.    PLAINTIFFS incorporate by reference the preceding allegations of this

1  Complaint as though set forth here in their entirety.

2  24.   Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and

3  the rights of PLAINTIFFS, and other similarly situated Field Services Supervisors,

4  for which PLAINTIFFS and other similarly situated workers are entitled to relief

5  pursuant to 29 U.S.C. § 216(b).  The actions of the Defendant violated provisions

6  as to the overtime requirements of the FLSA.

7

8  ## SECOND CAUSE OF ACTION

9  **FOR FAILURE TO PAY OVERTIME COMPENSATION**
   **[Cal. Lab. Code §§510, 515.5, 1194 and 1198]**
10 **(By the CLASS and Against all Defendants)**

11 25.   PLAINTIFFS incorporate by reference the preceding allegations of this

12 Complaint as though set forth here in their entirety.

13 26.   Cal. Lab. Code § 510 provides that employees in California shall not be

14 employed more than eight (8) hours in any workday or forty (40) hours in a

15 workweek unless they receive additional compensation beyond their regular wages

16 in amounts specified by law.

17 27.   Cal. Lab. Code § 1194 establishes an employee's right to recover

18 unpaid overtime compensation, interest thereon, together with the costs of suit, and

19 attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee

20 for longer hours than those fixed by the Industrial Welfare Commission is

21 unlawful.

22 28.   DHL has intentionally and improperly designated certain employees,

23 including PLAINTIFFS, and other members of the CLASS, as "exempt" employees

24 to avoid payment of overtime wages and other benefits in violation of the Cal. Lab.

25 Code and Industrial Welfare Commission requirements.

26 29.   In particular, the Industrial Welfare Commission Wage Order No.4 sets

27 forth the requirements which must be complied with to place an employee in an

28 exempt category. For an employee to be exempt as a bona fide "executive," all the

1  following criteria must be met:

2      (a)   Whose duties and responsibilities involve the management of the
3              enterprise in which he/she is employed or of a customarily
4              recognized department or subdivision thereof; and

5      (b)   Who customarily and regularly directs the work of two or more
6              other employees therein; and

7      (c)   Who has the authority to hire or fire other employees or whose
8              suggestions and recommendations as to the hiring or firing and
9              as to the advancement and promotion or any other change of
10             status of other employees will be given particular weight; and

11     (d)   Who customarily and regularly exercises discretion and
12             independent judgment; and

13     (e)   Who is primarily engaged in duties which meet the test of the
14             exemption. The activities constituting exempt work and
15             non-exempt work shall be construed in the same manner as such
16             items are construed in the following regulations under the Fair
17             Labor Standards Act effective as of the date of this order: 29
18             C.F.R. Sections 541.102, 541.104-111, and 541.115-16. Exempt
19             work shall include, for example, all work that is directly and
20             closely related to exempt work and work which is properly
21             viewed as a means for carrying out exempt functions. The work
22             actually performed by the employee during the course of the
23             workweek must, first and foremost, be examined and the amount
24             of time the employee spends on such work, together with the
25             employer's realistic expectations and the realistic requirements of
26             the job, shall be considered in determining whether the employee
27             satisfies this requirement; and

28     (f)   Such an employee must also earn a monthly salary equivalent to

1            no less than two (2) times the state minimum wage for full-time

2            employment. Full-time employment is defined in Labor Code

3            Section 515(c) as 40 hours per week.

4      30.     The job duties of PLAINTIFFS, and other members of the CLASS, do

5 not fit the definition of either an exempt executive, administrative, or professional

6 employee because:

7          (a)    Less than fifty percent (50%) of their work hours are spent on

8              managerial or administrative (exempt) duties;

9          (b)    More than fifty percent (50%) of their work hours are spent

10              performing non exempt duties, including but not limited to

11              merchandising, stocking, cashiering, cleaning and customer

12              service;

13          (c)    They do not have discretion or independent judgment;

14          (d)    They do not have the authority to hire and fire other personnel;

15              and

16          (e)    None of the exemptions articulated in Wage Order No.4, nor do

17              the exemptions articulated in Cal. Lab. Code §515, apply to the

18              PLAINTIFFS, or to the other members of the CLASS.

19      31.     At all times relevant hereto, from time to time, the PLAINTIFFS, and

20 the other members of the CLASS, have worked more than eight hours in a

21 workday, and/or more than forty hours in a work week.

22      32.     At all times relevant hereto, Defendant DHL failed to pay

23 PLAINTIFFS, and the other members of the CLASS, overtime compensation for

24 the hours they have worked in excess of the maximum hours permissible by law as

25 required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFFS, and the other

26 members of the CLASS, were regularly required to work overtime hours.

27      33.     By virtue of DHL's unlawful failure to pay additional compensation to

28 the PLAINTIFFS, and the other members of the CLASS, for their overtime hours,

1   the PLAINTIFFS, and the other members of the CLASS, have suffered, and will

2   continue to suffer, damages in amounts which are presently unknown to them but

3   which exceed the jurisdictional limits of this Court and which will be ascertained

4   according to proof at trial.

5       34.    PLAINTIFFS, and the other members of the CLASS, are informed and

6   believe, and based upon that information and belief allege, that DHL knew or

7   should have known that PLAINTIFFS, and the other members of the CLASS, did

8   not qualify as exempt employees and purposely elected not to pay them for their

9   overtime labor.

10      35.    PLAINTIFFS, and the other members of the CLASS, request recovery

11  of overtime compensation according to proof, interest, attorney's fees and cost

12  pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any

13  statutory penalties against Defendant DHL, in a sum as provided by the Cal. Lab.

14  Code and/or other statutes. Further, PLAINTIFFS, and the other members of the

15  CLASS, are entitled to seek and recover reasonable attorneys' fees and costs

16  pursuant to Cal. Lab. Code §§ 218.5 and 1194.

17

18                      **THIRD CAUSE OF ACTION**

19  **FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**
    **[Cal. Lab. Code §§ 226.7 and 512]**
20  **(By the CLASS and Against All Defendants)**

21      36.    PLAINTIFFS incorporate by reference the preceding allegations of this

22  Complaint as though set forth here in their entirety.

23      37.    Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall

24  employ any person for a work period of more than five (5) hours without a meal

25  period of not less than 30 minutes.

26      38.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an

27  employee a meal period in accordance with this section, the employer shall pay the

28  employee one (1) hour of pay at the employee's regular rate of compensation for

1  each five (5) hours of work that the meal period is not provided.

2      39.    DHL has intentionally and improperly denied meal periods to

3  PLAINTIFFS, and other members of the CLASS, in violation of Cal. Lab. Code

4  §§226.7 and 512.

5      40.    At all times relevant hereto, PLAINTIFFS, and other members of the

6  CLASS, have worked more than five hours in a workday. At all relevant times

7  hereto, DHL has failed to  provide meal periods as required by Cal. Lab. Code §§

8  226.7 and 512.

9      41.    Cal. Lab. Code § 226.7 provides that employers shall authorize and

10  permit employees to take rest periods at the rate of ten (10) minutes net rest time

11  per four (4) hours of work.

12      42.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an

13  employee rest periods in accordance with this section, the employer shall pay the

14  employee one (1) hour of pay at the employee's regular rate of compensation for

15  each workday that the rest period is not provided.

16      43.    DHL has intentionally and improperly denied rest periods to

17  PLAINTIFFS, and other members of the CLASS, in violation of Cal. Lab. Code §§

18  226.7 and 512.

19      44.    At all times relevant hereto, the PLAINTIFFS, and other members of

20  the CLASS, have worked more than four hours in a workday.  At all times relevant

21  hereto, DHL failed to provide rest periods as required by Cal. Lab. Code §§ 226.7

22  and 512.

23      45.    By virtue of DHL's unlawful failure to provide rest periods to them,

24  PLAINTIFFS, and other members of the CLASS, have suffered, and will continue

25  to suffer, damages in amounts which are presently unknown to them, but which

26  exceed the jurisdictional limits of this Court and which will be ascertained

27  according to proof at trial.

28      46.    PLAINTIFFS, and the other members of the CLASS, are informed and

1   believe, and based upon that information and belief allege, that DHL knows or
2   should have known that the PLAINTIFFS, and the other members of the CLASS,
3   were entitled to meal periods and rest periods but purposely elected not to provide
4   these mandated periods.

5   47.   PLAINTIFFS, and the other members of the CLASS, are entitled to
6   seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§
7   226.7 and 512.

8

9   **FOURTH CAUSE OF ACTION**

10  **For Failure to Pay Wages When Due**
    **[Cal. Lab. Code § 203]**
11  **(By the CLASS and Against All DEFENDANTS)**

12  48.   PLAINTIFFS incorporate by reference the preceding allegations of this
13  Complaint as though set forth here in their entirety.

14  49.   Cal. Lab. Code § 200 provides that:

15          As used in this article:

16          (a)   "Wages" includes all amounts for labor performed by
17                employees of every description, whether the amount is
18                fixed or ascertained by the standard of time, task, piece,
19                commission basis, or other method of calculation.

20          (b)   "Labor" includes labor, work, or service whether rendered
21                or performed under contract, subcontract, partnership,
22                station plan, or other agreement if the labor to be paid for
23                is performed personally by the person demanding
24                payment.

25  50.   Cal. Lab. Code § 202 provides, in relevant part, that:

26          If an employee not having a written contract for a definite period
27          quits his or her employment, his or her wages shall become due
28          and payable not later than 72 hours thereafter, unless the

---

Hom, et al. v. DHL                                    11                                    Complaint

1    employee has given 72 hours previous notice of his or her

2    intention to quit, in which case the employee is entitled to his or

3    her wages at the time of quitting. Notwithstanding any other

4    provision of law, an employee who quits without providing a 72-

5    hour notice shall be entitled to receive payment by mail if he or

6    she so requests and designates a mailing address. The date of the

7    mailing shall constitute the date of payment for purposes of the

8    requirement to provide payment within 72 hours of the notice of

9    quitting.

10   51.   Cal. Lab. Code § 203 provides:

11    If an employer willfully fails to pay, without abatement or

12    reduction, in accordance with Sections 201, 201.5, 202, and

13    205.5, any wages of an employee who is discharged or who

14    quits, the wages of the employee shall continue as a penalty from

15    the due date thereof at the same rate until paid or until an action

16    therefor is commenced; but the wages shall not continue for

17    more than 30 days.

18   52.   Many of the CLASS member's employment has been terminated and

19   DEFENDANT has not tendered restitution of wages owed.

20   53.   Therefore, as provided by Cal. Lab. Code § 203, on behalf of

21   themselves and the members of the CLASS, PLAINTIFFS demand thirty (30) days

22   of pay as penalty for not paying all wages due at the time of termination for all

23   employees whose employment terminated during the CLASS PERIOD and demand

24   an accounting and payment of all wages due, plus interest, as provided by Cal. Lab.

25   Code § 218.6 plus attorneys fees and interest as allowed by law.

26

27

28

Hom, et al. v. DHL                        12                              Complaint

1      **FIFTH CAUSE OF ACTION**

2      **Failure to Provide Accurate Itemized Statements**
       **[Cal. Lab. Code § 226]**
3      **(By the CLASS and against All Defendants)**

4      54.    PLAINTIFFS incorporate by reference the preceding allegations of this

5      Complaint as though set forth here in their entirety.

6      55.    Cal. Lab. Code § 226 provides that an employer must furnish

7      employees with an "accurate itemized statement in writing showing:

8             (1)    gross wages earned,

9             (2)    total hours worked by the employee, except for any employee

10                   whose compensation is solely based on a salary and who is

11                   exempt from payment of overtime under subdivision (a) of

12                   Section 515 or any applicable order of the Industrial Welfare

13                   Commission,

14            (3)    the number of piece rate units earned and any applicable piece

15                   rate if the employee is paid on a piece-rate basis,

16            (4)    all deductions, provided that all deductions made on written

17                   orders of the employee may be aggregated and shown as one

18                   item,

19            (5)    net wages earned,

20            (6)    the inclusive dates of the period for which the employee is paid,

21            (7)    the name of the employee and his or her social security number,

22                   except that by January 1, 2008, only the last four digits of his or

23                   her social security number or an employee identification number

24                   other than a social security number may be shown on the

25                   itemized statement,

26            (8)    the name and address of the legal entity that is the employer, and

27            (9)    all applicable hourly rates in effect during the pay period and the

28                   corresponding number of hours worked at each hourly rate by

1        the employee."

2    56.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code §

3    226, in that DEFENDANT failed to properly and accurately itemize the number of

4    hours worked by PLAINTIFFS, and the other members of the CLASS at the

5    effective regular rates of pay and the effective overtime rates of pay.

6    57.    DEFENDANT knowingly and intentionally failed to comply with Cal.

7    Lab. Code § 226, causing damages to PLAINTIFFS, and the other members of the

8    CLASS. These damages include, but are not limited to, costs expended calculating

9    the true hours worked and the amount of employment taxes which were not

10   properly paid to state and federal tax authorities. These damages are difficult to

11   estimate. Therefore, PLAINTIFFS, and the other members of the CLASS seek to

12   recover liquidated damages of $50.00 for the initial pay period in which the

13   violation occurred, and $100.00 for each violation in subsequent pay periods

14   pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of

15   trial (but in no event more than $4,000.00 for PLAINTIFFS and each respective

16   member of the CLASS herein) plus reasonable attorney's fees and costs pursuant to

17   Cal. Lab. Code § 226(g).

18

19                        **SIXTH CAUSE OF ACTION**

20                        **For Unlawful Business Practices**
                          **[Cal. Bus. And Prof. Code §§ 17200 et seq.]**
21                        **(By the CLASS and against All Defendants)**
     58.    PLAINTIFFS incorporate by reference the preceding allegations of this
22
     Complaint as though set forth here in their entirety.
23
     59.    DHL is a "person" as that term is defined under Cal. Bus. and Prof.
24
     Code §17201.
25
     60.    Cal. Bus. and Prof. Code § 17200 defines unfair competition as any
26
     unlawful, unfair, or fraudulent business act or practice.
27
     61.    At all times relevant hereto, by and through the conduct described
28

1  herein, DHL has engaged in unfair and unlawful practices by failing to pay
2  PLAINTIFFS, and the other members of the CLASS, overtime compensation, and
3  has failed to provide meal and rest breaks, pursuant to the applicable Cal. Lab.
4  Code, and Industrial Welfare Commission requirements in violation of Cal. Bus.
5  and Prof. Code § 17200 et seq., and has thereby deprived PLAINTIFFS, and the
6  other members of the CLASS, of fundamental rights and privileges.

7  62.   By and through the unfair and unlawful business practices described
8  herein, DHL has obtained valuable property, money, and services from the
9  PLAINTIFFS, and the other members of the CLASS, and has deprived them of
10  valuable rights and benefits guaranteed by law, all to their detriment.

11  63.   All the acts described herein as violations of, among other things, the
12  Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and
13  in violation of public policy; and in addition are immoral, unethical, oppressive,
14  and unscrupulous, and thereby constitute unfair and unlawful business practices in
15  violation of Cal. Bus. And Prof. Code § 17200 et seq.

16  64.   PLAINTIFFS, and the other members of the CLASS, are entitled to,
17  and do, seek such relief as may be necessary to restore to them the money and
18  property which Defendant DHL has acquired, or of which PLAINTIFFS, and other
19  members of the CLASS, have been deprived, by means of the above described
20  unfair and unlawful business practices.

21  65.   PLAINTIFFS, and the other members of the CLASS, are further
22  entitled to, and do, seek a declaration that the above described business practices
23  are unfair and unlawful and that an injunctive relief should be issued restraining
24  DHL from engaging in any of the above described unfair and unlawful business
25  practices in the future.

26  66.   PLAINTIFFS, and the other members of the CLASS, have no plain,
27  speedy, and/or adequate remedy at law to redress the injuries which they have
28  suffered as a consequence of the unfair and unlawful business practices of DHL.

1  As a result of the unfair and unlawful business practices described above,

2  PLAINTIFFS, and the other members of the CLASS, have suffered and will

3  continue to suffer irreparable harm unless DHL is restrained from continuing to

4  engage in these unfair and unlawful business practices. In addition, DHL should be

5  required to disgorge the unpaid moneys to PLAINTIFFS, and the other members of

6  the CLASS.

7

8  ## PRAYER FOR RELIEF

9  WHEREFORE, PLAINTIFFSS pray for judgment against each Defendant,

10  jointly and severally, as follows:

11

12  ## ON FIRST CAUSE OF ACTION

13  1.   Certify this as a FLSA representative action on behalf of "all Field

14       Services Supervisors employed by Defendant in the United States

15       during the claim period."

16  2.   Grant judgment in favor of PLAINTIFFS and all similarly situated

17       workers awarding them their unpaid regular wages and overtime, and

18       an equal amount of liquidated damages.

19  3.   Award PLAINTIFFSS their costs of court and reasonable attorney's

20       fees pursuant to the Fair Labor Standards Act.

21

22  ## ON SECOND CAUSE OF ACTION

23  1.   For compensatory damages, including lost wages, commissions,

24       bonuses, and other losses, during the period commencing on the date

25       that is within four years prior to the filing of this Complaint according

26       to proof;

27  2.   For general damages, according to proof;

28  3.   For an award of interest, including prejudgment interest at the legal

1   rate;

2      4.   For statutory damages, including reasonable attorneys' fees and cost of

3           suit.

4

5                         **ON THIRD CAUSE OF ACTION**

6      1.   One hour of pay for each workday in which a rest period was not

7           provided for each four hours of work during the period commencing on

8           the date that is within four years prior to the filing of this Complaint,

9           provided, however, that if the Supreme Court in the Kenneth Cole

10         Productions case, S140308, determines that Labor Code 226.7 is

11         subject to a one year limitations period, then PLAINTIFFSS seek

12         penalties for the year preceding filing of the complaint and until the

13         class is certified;

14      2.   One hour of pay for each five (5) hours of work in which a meal period

15         was not provided;

16      3.   For attorneys' fees and costs.

17

18                        **ON FOURTH CAUSE OF ACTION**

19      1.   For thirty days of pay as a penalty for not paying all wages due at the

20         time of termination of employment for PLAINTIFFS and members of

21         the CLASS whose employment terminated within three years of the

22         filing of the complaint until the date of entry of judgment as provided

23         for by Cal. Lab. Code §§ 201 -203;

24      2.   For attorneys' fees and costs.

25

26                        **ON FIFTH CAUSE OF ACTION**

27      1.   For liquidated damages of $50.00 for the initial pay period in which the

28         violation occurred, and $100.00 for each violation in subsequent pay

1    periods pursuant to Cal. Lab. Code § 226 (but in no event more than

2    $4,000.00 for PLAINTIFFS and each respective member of the CLASS

3    herein);

4    2.    For attorney's fees and costs.

5

6                        **SIXTH CAUSE OF ACTION**

7    1.    For restitution and/or restitutionary disgorgement;

8    2.    For injunctive relief ordering the continuing unfair business acts and

9          practices to cease, or as the Court otherwise deems just and proper;

10   3.    For other injunctive relief ordering DHL to notify the CLASS that they

11         have not been paid the proper amounts required in accordance with

12         California law.

13

14                        **ON ALL CAUSES OF ACTION**

15   1.    For such other and further relief as the Court deems just and proper.

16

17   Dated:    July 30, 2008              MORRIS AND ASSOCIATES

18

19                              By:    _____
                                       STEPHEN B. MORRIS
20                                     Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

1    **DEMAND FOR JURY TRIAL**

2          PLAINTIFFS demands jury trial on all issues triable to a jury.

3

4    Dated:      July 30, 2008                     MORRIS AND ASSOCIATES

5

6                                          By:     _____
                                                   STEPHEN B. MORRIS
7                                                  Attorneys for Plaintiffs

8

9    Additional Counsel:

10   **UNITED EMPLOYEES LAW GROUP**
     Walter Haines, Esq. (SBN #71075)
11   65 Pine Ave, #312
     Long Beach, California 90802
12   Telephone:(877) 696-8378
     Facsimile: (562) 256-1006
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28