1  R. BRIAN DIXON, Bar No. 076247
   LAURA E. HAYWARD, Bar. No. 204014
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:   415.433.1940

5  Attorneys for Defendant
   DHL EXPRESS (USA) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOM, an individual on behalf of himself and JUSTIN KELLEY, an individual on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation conducting business in the State of California, and DOES 1 through 10,<br><br>Defendants. | Case No. CV-08-3756 JL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DHL EXPRESS (USA), INC. TO CLASS ACTION COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT

Case No. CV 08-3756 JL

Defendant DHL Express (USA), Inc. ("Defendant" or "DHL"), hereby answers and asserts its affirmative defenses to the Class Action Complaint (the "Complaint") of Plaintiffs Richard Hom and Justin Kelley ("Plaintiffs") as follows:

## PRELIMINARY STATEMENT

1. DHL admits that Plaintiffs have filed a purported class action lawsuit against DHL. DHL also admits that Plaintiffs are or were employees of DHL. Except as expressly admitted, DHL denies all the other allegations contained in Paragraph 1 and alleges that this matter is not suitable for class treatment.

2. DHL admits that Plaintiffs allege certain wage violations and seek damages on behalf of a class of individuals, but DHL denies any such violations and denies that Plaintiffs or the alleged class are entitled to any such relief. Except as expressly admitted, DHL denies all the other allegations contained in Paragraph 2 and alleges that this matter is not suitable for class treatment.

## JURISDICTION

3. DHL admits that the Court possesses subject matter jurisdiction over this action, but DHL denies that Plaintiffs are entitled to any relief under 29 U.S.C. §216(b) (Fair Labor Standards Act) or 28 U.S.C. §1337. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 3.

## VENUE

4. DHL admits that venue is proper in this District. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 4.

## PARTIES

5. DHL denies that this action is suitable for class treatment and responds to the allegations set forth in Paragraph 5 as follows:

   a. DHL does not opine with respect to Plaintiffs' allegation regarding their current residence as set forth in Paragraph 5(a).

   b. DHL admits that Plaintiffs are or were employees of DHL and that they are or were employed as Field Services Supervisors. Except as expressly admitted, DHL

denies all other allegations contained in Paragraph 5(b).

   c. DHL denies the allegations contained in Paragraph 5(c).

   d. DHL denies the allegations contained in Paragraph 5(d).

   e. DHL admits that Plaintiffs are or were employees of DHL and that they are or were employed as Field Services Supervisors. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 5(e) and alleges that this matter is not suitable for class treatment.

  6. DHL denies that this action is suitable for class treatment and further responds to the allegations set forth in Paragraph 6 as follows:

   a. DHL admits that it is a delivery/shipping company which is headquartered in the State of Florida and which conducts business throughout the United States, in the State of California, and in the County of Alameda, and has, throughout the relevant time period. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 6(a) and alleges that this matter is not suitable for class treatment.

   b. DHL admits that Plaintiffs are or were employees of DHL. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 6(b) and alleges that this matter is not suitable for class treatment.

   c. DHL denies the allegations contained in Paragraph 6(c) and alleges that this matter is not suitable for class treatment.

  7. DHL admits that Plaintiffs have filed a purported class action lawsuit against DHL. Except as expressly admitted, DHL denies all the other allegations contained in Paragraph 7 and alleges that this matter is not suitable for class treatment.

### REPRESENTATIVE CLASS ALLEGATIONS

  8. DHL admits Plaintiffs seek to bring a representative action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Except as expressly admitted, DHL denies all other allegations contained in Paragraph 8 and alleges that this matter is not suitable for class treatment.

  9. DHL admits that Plaintiffs are alleging that this action is not subject to the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT   2.   Case No. CV 08-3756 JL

requirements and procedures of Federal Rule of Civil Procedure Rule 23. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 9 and alleges that this matter is not suitable for class treatment.

10. DHL denies the allegations of Paragraph 10 and alleges that this matter is not suitable for class treatment.

11. DHL denies the allegations set forth in Paragraph 11 as follows:

    a. DHL denies the allegations contained in Paragraph 11(a) and alleges that this matter is not suitable for class treatment.

    b. DHL denies the allegations contained in Paragraph 11(b) and alleges that this matter is not suitable for class treatment.

    c. DHL denies the allegations contained in Paragraph 11(c) and alleges that this matter is not suitable for class treatment.

12. DHL denies the allegations of Paragraph 12 and alleges that this matter is not suitable for class treatment.

13. DHL denies the allegations of Paragraph 13 and alleges that this matter is not suitable for class treatment.

14. DHL denies the allegations of Paragraph 14 and alleges that this matter is not suitable for class treatment.

15. While DHL lacks knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraph 15, DHL admits that it is unaware of any currently pending litigation brought on behalf of the same group of individuals. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 15.

16. DHL denies the allegations of Paragraph 16 and alleges that this matter is not suitable for class treatment.

17. DHL denies the allegations of Paragraph 17 and alleges that this matter is not suitable for class treatment.

## FACTS

18. DHL admits the allegations contained in Paragraph 18.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT — 3. — Case No. CV 08-3756 JL

19. DHL admits that Plaintiff Richard Hom is, and has been, employed by DHL since February 2007 as a Field Services Supervisor. DHL further admits that Justin Kelley was formerly employed by DHL as a Field Services Supervisor. Except as expressly admitted, DHL denies all other allegations contained in Paragraph 19.

20. DHL denies the allegations of Paragraph 20 and alleges that this matter is not suitable for class treatment.

21. DHL denies the allegations of Paragraph 21 and alleges that this matter is not suitable for class treatment.

22. DHL denies the allegations of Paragraph 22 and alleges that this matter is not suitable for class treatment.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT CLAIM
(By the CLASS and Against All Defendants)

23. DHL incorporates by reference its responses to Paragraphs 1-22 as though set forth here in their entirety.

24. DHL denies the allegations of Paragraph 24 and alleges that this matter is not suitable for class treatment.

## SECOND CAUSE OF ACTION

### FOR FAILURE TO PAY OVERTIME COMPENSATION
[Cal. Lab. Code §§ 510, 515.5, 1194 and 1198] (By the CLASS and Against All Defendants)

25. DHL incorporates by reference its responses to Paragraphs 1-24 as though set forth here in their entirety.

26. DHL cannot admit or deny the allegations in Paragraph 26 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

27. DHL cannot admit or deny the allegations in Paragraph 27 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

28. DHL denies the allegations of Paragraph 28 and alleges that this matter is not suitable for class treatment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT   4.   Case No. CV 08-3756 JL

29.     DHL cannot admit or deny the allegations in Paragraph 29(a)–(f) of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

30.     DHL denies the allegations set forth in Paragraph 30 and alleges that this matter is not suitable for class treatment as follows:

    a.     DHL denies the allegations contained in Paragraph 30(a) and alleges that this matter is not suitable for class treatment.

    b.     DHL denies the allegations contained in Paragraph 30(b) and alleges that this matter is not suitable for class treatment.

    c.     DHL denies the allegations contained in Paragraph 30(c) and alleges that this matter is not suitable for class treatment.

    d.     DHL denies the allegations contained in Paragraph 30(d) and alleges that this matter is not suitable for class treatment.

    e.     DHL denies that Wage Order No. 4 applies to Plaintiffs.  Except as expressly admitted, DHL denies all other allegations contained in Paragraph 30(e) and alleges that this matter is not suitable for class treatment.

31.     DHL denies the allegations set forth in Paragraph 31 and alleges that this matter is not suitable for class treatment.

32.     DHL denies the allegations set forth in Paragraph 32 and alleges that this matter is not suitable for class treatment.

33.     DHL denies the allegations set forth in Paragraph 33 and alleges that this matter is not suitable for class treatment.

34.     DHL denies the allegations set forth in Paragraph 34 and alleges that this matter is not suitable for class treatment.

35.     DHL admits that Plaintiffs are seeking recovery of compensation and penalties pursuant to the California Labor Code and/or other statutes, in addition to attorneys' fees and costs, but DHL denies that Plaintiffs are entitled to any such relief and alleges that this matter is not suitable for class treatment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT           5.           Case No. CV 08-3756 JL

## THIRD CAUSE OF ACTION

FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS
[Cal. Lab. Code §§226.7 and 512]  (By the CLASS and Against All Defendants)

36. DHL incorporates by reference its responses to Paragraphs 1-35 as though set forth here in their entirety.

37. DHL cannot admit or deny the allegations in Paragraph 37 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

38. DHL cannot admit or deny the allegations in Paragraph 38 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

39. DHL denies the allegations set forth in Paragraph 39 and alleges that this matter is not suitable for class treatment.

40. DHL denies the allegations set forth in Paragraph 40 and alleges that this matter is not suitable for class treatment.

41. DHL cannot admit or deny the allegations in Paragraph 41 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

42. DHL cannot admit or deny the allegations in Paragraph 42 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

43. DHL denies the allegations set forth in Paragraph 43 and alleges that this matter is not suitable for class treatment.

44. DHL denies the allegations set forth in Paragraph 44 and alleges that this matter is not suitable for class treatment.

45. DHL denies the allegations set forth in Paragraph 45 and alleges that this matter is not suitable for class treatment.

46. DHL denies the allegations set forth in Paragraph 46 and alleges that this matter is not suitable for class treatment.

47. DHL denies the allegations set forth in Paragraph 47 and alleges that this matter is not suitable for class treatment.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT     6.     Case No. CV 08-3756 JL

## FOURTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES WHEN DUE
[Cal. Lab. Code §230] (By the CLASS and Against All Defendants)

48. DHL incorporates by reference its responses to Paragraphs 1-47 as though set forth here in their entirety.

49. DHL cannot admit or deny the allegations in Paragraph 49 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

50. DHL cannot admit or deny the allegations in Paragraph 50 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

51. DHL cannot admit or deny the allegations in Paragraph 51 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

52. DHL denies the allegations set forth in Paragraph 52 and alleges that this matter is not suitable for class treatment.

53. DHL admits that Plaintiffs seek certain penalties pursuant to Labor Code §203 as well as an accounting and payment of wages due, plus interest, attorneys fees and costs, but DHL denies that Plaintiffs are entitled to any such relief and alleges that this matter is not suitable for class treatment.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS
[Cal. Lab. Code §226] (By the CLASS and Against All Defendants)

54. DHL incorporates by reference its responses to Paragraphs 1-53 as though set forth here in their entirety.

55. DHL cannot admit or deny the allegations in Paragraph 55 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

56. DHL denies the allegations set forth in Paragraph 56 and alleges that this matter is not suitable for class treatment.

57. DHL denies the allegations set forth in Paragraph 57 and alleges that this matter is not suitable for class treatment.

## SIXTH CAUSE OF ACTION

FOR UNLAWFUL BUSINESS PRACTICES
[Cal. Bus. And Prof. Code §§17200 et seq.] (By the CLASS and Against All Defendants)

58.     DHL incorporates by reference its responses to Paragraphs 1-57 as though set forth here in their entirety.

59.     DHL cannot admit or deny the allegations in Paragraph 59 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

60.     DHL cannot admit or deny the allegations in Paragraph 60 of Plaintiffs' Complaint because they call for legal conclusions rather than admissions or denials of fact.

61.     DHL denies the allegations set forth in Paragraph 61 and alleges that this matter is not suitable for class treatment.

62.     DHL denies the allegations set forth in Paragraph 62 and alleges that this matter is not suitable for class treatment.

63.     DHL denies the allegations set forth in Paragraph 63 and alleges that this matter is not suitable for class treatment.

64.     DHL denies the allegations set forth in Paragraph 64 and alleges that this matter is not suitable for class treatment.

65.     DHL denies the allegations set forth in Paragraph 65 and alleges that this matter is not suitable for class treatment.

66.     DHL denies the allegations set forth in Paragraph 66 and alleges that this matter is not suitable for class treatment.

## **AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, DHL alleges the following defenses. In asserting these defenses, DHL does not assume the burden of proof as to matters that, as a matter of law, are Plaintiffs' burden to prove.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.      As a separate and distinct affirmative defense, DHL alleges that the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT    8.    Case No. CV 08-3756 JL

Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Class Action – Certification Prerequisites)

2. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

### THIRD AFFIRMATIVE DEFENSE
(Class Action – Standing)

3. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs lack standing to assert the legal rights or interests of others.

### FOURTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Predominance)

4. As a separate and distinct affirmative defense, DHL alleges that the types of claims alleged by Plaintiffs on behalf of themselves and/or the alleged putative group they purport to represent are matters in which individual questions predominate and thus are not appropriate for class treatment.

### FIFTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Numerosity)

5. As a separate and distinct affirmative defense, DHL alleges that the alleged putative group that Plaintiffs could represent is not so numerous that joinder is impossible.

### SIXTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Commonality)

6. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs are not similarly situated to other potential members of the alleged putative group they purport to represent and thus are inadequate representatives of the alleged putative group.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT — 9. — Case No. CV 08-3756 JL

### SEVENTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Typicality)

7. As a separate and distinct affirmative defense, DHL alleges that certain of the interests of the alleged putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

### EIGHTH AFFIRMATIVE DEFENSE
(Class Action – Inadequate Representation)

8. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs are not similarly situated to other potential members of the alleged putative group they purport to represent and thus they are inadequate representatives of the alleged putative group.

### NINTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Superiority)

9. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs have not shown and cannot show that class treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy.

### TENTH AFFIRMATIVE DEFENSE
(Class Action – Lack of Manageability)

10. As a separate and distinct affirmative defense, DHL alleges that the Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or collective action because of difficulties likely to be encountered that render the action unmanageable.

### ELEVENTH AFFIRMATIVE DEFENSE
(Class Action – Violation of Due Process)

11. As a separate and distinct affirmative defense, DHL alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of DHL's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. DHL reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT        10.        Case No. CV 08-3756 JL

### TWELFTH AFFIRMATIVE DEFENSE
(Good Faith)

12. As a separate and distinct affirmative defense, DHL is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission, was an act or omission made in good faith and DHL had reasonable grounds for believing that policies and practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiffs are entitled to any damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 226, 226.7, 510, 512 and 1194 – No Private Right of Action)

13. As a separate and distinct affirmative defense, DHL alleges that there is no private right of action for an employee to recover damages under Sections 226, 226.7, 510, 512 and 1194 of the California Labor Code.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Consent)

14. As a separate and distinct affirmative defense, DHL alleges that the Complaint is barred, in whole or in part to the extent that Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Unconstitutional Wage Order)

15. As a separate and distinct affirmative defense, DHL alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage order(s) of the Industrial Welfare Commission is unconstitutionally vague and ambiguous and violates DHL's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Rule 23 Action Not Superior - Conflicting Opt-In/ Opt-Out Mechanisms)

16. As a separate and distinct affirmative defense, DHL alleges that a Rule 23

action is not the superior method of adjudicating Plaintiffs' alleged state law claims in light of the opt-in mechanism contemplated by the FLSA collective action. Use of both mechanisms will confuse potential class members and burden the Court and thus a Rule 23 action should not be permitted. *See e.g. Leuthold v. Destination America* 224 F.R.D. 462 (N.D. Cal. 2004).

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Labor Code §§ 226.7 and 512 – Compliance with Obligations)

17. As a separate and distinct affirmative defense, DHL alleges that it acted in a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including Sections 226.7 and 512 thereof, as to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(No Failure To Provide Meal Periods)

18. As a separate and distinct affirmative defense, DHL alleges that it was not required to and/or did not fail to provide meal periods pursuant to the California Labor Code, applicable wage orders issued by the Industrial Welfare Commission, or any other basis.

### NINETEENTH AFFIRMATIVE DEFENSE
(Not Entitled to Overtime Pay)

19. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs or members of the putative class they seek to represent were not entitled to payment of overtime premiums to the extent that they were exempt from overtime requirements under the executive and/or administrative exemptions pursuant to, but not limited to, the Fair Labor Standards Act, the California Labor Code, and the provisions of the California Industrial Welfare Commission wage orders.

### TWENTIETH AFFIRMATIVE DEFENSE
(Not Entitled to Meal and Rest Periods)

20. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs or members of the putative class they seek to represent were not entitled to mandatory meal and rest periods under California law, nor are they entitled to recover penalties under California law for allegedly missed meal or rest periods, to the extent that they were exempt from meal and rest period

requirements pursuant to, but not limited to, the California Labor Code, and the provisions of the California Industrial Welfare Commission wage orders.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 – Violates Due Process)

21. As a separate and distinct affirmative defense, DHL alleges that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would constitute a denial of DHL's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 – No Penalties)

22. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs cannot recover waiting time or other penalties, under California Business and Professions Code section 17200 et seq.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Bus. & Prof. Code § 17200 – No Penalties By Way of Restitution)

23. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs' prayer for restitution pursuant to Business and Professions Code section 17200 et seq. is barred with respect to penalties of any nature.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Bus & Prof. Code § 17200 – No Violation)

24. As a separate and affirmative defense, DHL alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200 et seq.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Discontinued Violations)

25. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs' prayer for restitution or injunctive relief under California Business and Professions Code § 17200 *et*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT | 13. | Case No. CV 08-3756 JL

*seq.*, is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Labor Code § 226 – Lack of Injury)

26. As a separate and distinctive affirmative defense, DHL alleges that Plaintiffs sustained no injury from any alleged failure by DHL to comply with Labor Code section 226.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Failure to State a Claim for Attorneys' Fees and Costs)

27. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Lack of Specificity)

28. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs has failed to allege special damages with requisite specificity.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

29. As a separate and distinct affirmative defense, DHL alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the three-year limitations period contained in California Code of Civil Procedure section 338(a); the one-year limitations period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(a); and/or the four year limitations period found in Business and Professions Code section 17208.

## THIRTIETH AFFIRMATIVE DEFENSE
(Liquidated Damages)

30. As a separate and distinct affirmative defense, DHL alleges that it had a good faith and reasonable belief that it was in compliance with applicable law and that, accordingly no liquidated damages should be awarded Plaintiffs for any violation thereof that may be found to exist.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT    14.    Case No. CV 08-3756 JL

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Mitigation of Damages)

31. As a separate and distinct affirmative defense, DHL alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against DHL should be reduced and/or eliminated by such a failure.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Avoidable Consequences)

32. As a separate and distinct affirmative defense, DHL alleges that each purported cause of action contained in the complaint, or some of the causes of action, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because DHL took reasonable steps to prevent and correct improper wage payments. Plaintiffs unreasonably failed to use the preventative and corrective opportunities provide to them by DHL, and reasonable use of DHL's procedures would have prevented at least some, if not all, of the harm that Plaintiffs allegedly suffered.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(No Proximate Cause)

33. As a separate and distinct affirmative defense, DHL alleges that Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by DHL.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Failure by Plaintiffs to Meet Reasonable Expectations)

34. As a separate and distinct affirmative defense, DHL alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any damages suffered were the result of failure by Plaintiffs to comply with the reasonable expectations of DHL and/or follow DHL's reasonable instructions and/or policies.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER OF DHL TO CLASS ACTION COMPLAINT — 15. — Case No. CV 08-3756 JL

THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Laches, Estoppel and Unclean Hands)

35. As a separate and distinct affirmative defense, DHL alleges that some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, avoidable consequences, estoppel and/or unclean hands.

THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Release/Waiver)

36. As a separate and distinct affirmative defense, DHL alleges that some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the doctrine of waiver and/or have been satisfied, released or otherwise discharged.

**PRAYER FOR RELIEF**

WHEREFORE, DHL prays for relief as set forth below:

1. Plaintiffs takes nothing by the Complaint and the Complaint be dismissed with prejudice;

2. For costs of suit and reasonable attorneys' fees incurred herein; and

3. For such other and further relief as this Court deems proper.

Dated: September 8, 2008

*/s/ Laura E. Hayward*
LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DHL EXPRESS (USA) INC.

Firmwide:86444332.1 047975.1000

ANSWER OF DHL TO CLASS ACTION COMPLAINT    16.    Case No. CV 08-3756 JL