1   R. BRIAN DIXON, Bar No. 076247
    LAURA E. HAYWARD, Bar. No. 204014
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
4   Telephone:   415.433.1940

5   Attorneys for Defendant
    DHL EXPRESS (USA) INC.
6
    STEPHEN B. MORRIS, Bar No. 126192
7   MORRIS AND ASSOCIATES
    444 West C Street, Suite 300
8   San Diego, CA 92101
    Telephone:   619.239.1300
9
    WALTER HAINES, Bar No. 71075
10  UNITED EMPLOYEES LAW GROUP, P.C.
    65 Pine Avenue #312
11  Long Beach, CA 90802
    Telephone:   877.696.8378
12
    Attorneys for Plaintiffs
13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16  RICHARD HOM, an individual on behalf       Case No. CV-08-3756 JL
    of himself and JUSTIN KELLEY, an
17  individual on behalf of himself and on     **JOINT STIPULATION OF CLASS**
    behalf of all persons similarly situated,  **SETTLEMENT AND CLASS**
18                                             **SETTLEMENT AGREEMENT AND**
                        Plaintiffs,            **RELEASE**
19
                 v.
20
    DHL EXPRESS (USA), INC., an Ohio
21  corporation conducting business in the
    State of California, and DOES 1 through
22  10,

23                      Defendants.

24

25

26

27

28

STIPULATION OF CLASS SETTLEMENT AND                          Case No. CV-08-3756 JL
SETTLEMENT AGREEMENT

Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of Class Settlement and Class Settlement Agreement and Release (the "Settlement" or "Agreement") is made and entered into by and between Plaintiffs Richard Hom and Justin Kelley, individually and on behalf of the putative class (collectively "Plaintiffs"), and Defendant DHL Express (USA), Inc. ("DHL").  Plaintiffs and DHL are collectively referred to in this Settlement as the "Parties."

I.    **DEFINITIONS**

1.    In addition to terms defined elsewhere in the Settlement, as used in this Settlement the following terms have the meanings indicated below:

a.    "Action" means the civil action filed on August 6, 2008 in the United States District Court for the Northern District of California entitled *"Richard Hom, an individual on behalf of himself and Justin Kelley, an individual, on behalf of himself, and on behalf of all persons similarly situated, Plaintiffs, v. DHL Express (USA), Inc., Defendant,"* Case No. CV 08-03756 JL.

b.    "Claims Administrator" means Gilardi & Co. LLC, or an administrator mutually agreed to by the Parties that will perform the customary duties of a claims administrator including but not limited to, the duties enumerated in this Agreement.

c.    "Claim Form" means the individualized Proof of Claim Form which a Class Member must duly complete and submit to the Claims Administrator in order to claim or challenge his or her individual settlement payment, as calculated under Paragraph 34 of this Agreement.  Each individual's Claim Form shall include his or her estimated Gross Settlement Payment, the dates of his or her employment as a Field Services Supervisor, and the number of Compensable Weeks Employed.  If the parties cannot agree on the content of this document, their dispute will be submitted to the Court for resolution

d.    "Class Counsel" shall refer to, collectively and individually, Stephen B. Morris of Morris and Associates, and Walter Haines of United Employees Law Group, P.C.

e.    "Class Member" shall refer to an employee of DHL who falls within the definition of the Class.

f.    "Class Notice" means the Notice which the Claims Administrator will

1  mail to each Class Member explaining the terms of the settlement contemplated by this Agreement,

2  to be drafted in a format that is mutually acceptable to the parties.  The Notice shall be accompanied

3  by a separate Claim Form and an Exclusion Form.  If the parties cannot agree on the content of the

4  Class Notice, their dispute will be submitted to the Court for resolution.

5             g.      "Class Representatives" shall refer to Plaintiffs Richard Hom and

6  Justin Kelley.

7             h.      "Class Representative Payment" means the Court-approved service

8  payment to Plaintiffs Richard Hom and Justin Kelley for their services as Class Representatives.

9             i.      "Compensable Weeks Employed" means the number of days of

10 continuous service (including any unpaid leave) as a Field Services Supervisor during the

11 appropriate Covered Period divided by seven (7).

12            j.      "Counsel for DHL" or "Defense Counsel" means Littler Mendelson,

13 A Professional Corporation.

14            k.      "Covered Period" shall mean the period from August 6, 2004 through

15 the date the Preliminary Approval Order is entered by the Court.

16            l.      "DHL" means Defendant DHL Express (USA), Inc. and all of its

17 officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and

18 affiliated entities.

19            m.      "Exclusion Form" means the form which a Class Member must submit

20 to exclude himself or herself from the release of claims pursuant to this Settlement.  If the parties

21 cannot agree on the content of this document, their dispute will be submitted to the Court for

22 resolution.

23            n.      "Field Services Supervisor" means the DHL position identified by job

24 codes "113015", "L10093", "L20093", "1A711", and "1971" during the Covered Period.

25            o.      "Final Approval Hearing" means the hearing contemplated by the

26 Parties, at which the Court will approve, in final, the settlement and make such other final rulings as

27 are contemplated by this Settlement Agreement.

28            p.      "Final Approval Order" means the Court's order granting final

1   approval of the Settlement and dismissing the Action with prejudice, which will constitute a

2   "judgment" within the meaning of Rule 58(a), Federal Rules of Civil Procedure.

3           q.      "Final Effective Date" shall be the first date after all of the following

4   events or conditions have been met or have occurred:

5                           (1)     the Court has, by entry of a Preliminary Approval Order:

6                                   (a)     Approved the certification of the Class for settlement

7   purposes;

8                                   (b)     Preliminarily approved the settlement set forth in this

9   Settlement Agreement, and the method of providing the Court-approved Class Notice, Claim Form

10  and Exclusion Form to the certified class;

11                          (2)     The Court has entered a Final Approval Order approving this

12  settlement and the Court has entered the judgment as provided in Paragraph 1.r, below;

13                          (3)     No valid termination of the Settlement Agreement has occurred

14  pursuant to Paragraph 58, below;

15                          (4)     The time to appeal from the Final Approval Order has expired

16  and no notice of appeal has been filed; and

17                          (5)     In the event that an appeal is actually filed, the latest of the

18  following, if applicable, has occurred:

19                                  (a)     Any appeal from the Final Approval Order has been

20  finally dismissed;

21                                  (b)     The Final Approval Order has been affirmed on appeal

22  in a form substantially identical to the form of the Final Approval Order entered by the Court;

23                                  (c)     The time to petition for review with respect to any

24  appellate decision affirming the Final Approval Order has expired; or

25                                  (d)     If a petition for review of an appellate decision is filed,

26  the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final

27  Approval Order in a form substantially identical to the form of the Final Approval Order entered by

28  the Court.

1    r.    "Final Judgment" means the judgment entered by the Court in

2 conjunction with the Final Approval Order dismissing the Action with prejudice.  The Parties shall

3 submit an order of Final Judgment setting forth the terms of this Settlement Agreement, by

4 incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval

5 Hearing or at such other time as the Court deems appropriate.

6    s.    "Gross Settlement Payment" means the gross amount of the Maximum

7 Settlement Distribution Settlement Amount each Participating Class Member will be paid.

8    t.    "Maximum Gross Settlement Amount" shall mean the maximum

9 amount that DHL shall pay out under this Settlement if all Class Members file valid and timely

10 claims, which is Seven Hundred Forty Thousand Dollars ($740,000).   That sum is and shall be

11 inclusive of the following: (a) the Maximum Settlement Distribution Amount payable to Class

12 Members; (b) the Class Representative Payments to the two Class Representatives in the amount of

13 up to Eight Thousand Five Hundred Dollars ($8,500) each; (c) all of Class Counsel's attorneys' fees

14 in an amount of up to One Hundred Eighty Five Thousand Dollars ($185,000), costs and expenses

15 associated with the Action in an amount of up to Ten Thousand Dollars ($10,000), incurred or to be

16 incurred in the Settlement of the Action, and any appeals; (d) the PAGA Payment of Twenty

17 Thousand Dollars ($20,000); (e) the fees and expenses of the Claims Administrator not to exceed

18 Twenty Thousand Dollars ($20,000); (f) the employee portion of all applicable tax withholdings

19 including, but not limited to, FICA, FUTA and other employment related taxes and withholding of

20 federal, state and local income taxes; and (g) the amount of up to Twenty-Eight Thousand Dollars

21 ($28,000) as and for the employer's share of FICA, FUTA, and all other state and federal payroll

22 taxes and deductions for the wage portion of the Settlement Payments (the "Employer Payroll

23 Taxes.").

24    u.    "Maximum Settlement Distribution Amount" means the amount which

25 shall be available to pay timely, valid claims of Participating Class Members, and the employee

26 payroll taxes due on such payments.   The Maximum Settlement Distribution Amount is Four

27 Hundred Sixty Thousand Dollars ($460,000).

28    v.    "PAGA Payment" means the amount of Twenty Thousand Dollars

---

**STIPULATION OF CLASS SETTLEMENT AND**                    5.                    Case No. CV-08-3756 JL
**SETTLEMENT AGREEMENT**

1   ($20,000) which shall be remitted to the California Labor and Workforce Development Agency for

2   the resolution of the Class Members' claims under the California Private Attorney General Act

3   ("PAGA"), California Labor Code Section 2698, *et. seq.*

4           w.    "Participating Class Members" means those members of the Class who

5   file timely and valid Claim Forms.

6           x.    "Preliminary Approval Order" means the order of the Court granting

7   preliminary approval of this Settlement Agreement on the terms provided herein or as the same may

8   be modified by subsequent mutual agreement of the Parties.

9   **II.    BACKGROUND AND REASONS FOR SETTLEMENT**

10           2.    On August 6, 2008, Plaintiffs Richard Hom and Justin Kelley filed a

11   complaint in the Northern District of California against DHL on behalf of themselves and all other

12   Field Service Supervisors who worked at DHL nationwide. In their complaint, Plaintiffs alleged that

13   DHL incorrectly classified the Field Service Supervisor position as exempt from payment of

14   overtime under California law and federal law. Due to this alleged misclassification, Plaintiffs

15   alleged they were entitled to overtime pay under the Fair Labor Standards Act, and California Labor

16   Code sections 510, 515, 1194, and 1198; compensation for missed meal and rest periods pursuant to

17   California Labor Code sections 226.7 and 512; waiting time penalties according to Labor Code

18   section 201-203; penalties for inaccurate itemized wage statements pursuant to Labor Code section

19   226(a); and restitution and injunctive relief in accord with California Business and Professions Code

20   section 17200; as well as interest and attorneys fees.

21           3.    On September 8, 2008, Defendant DHL answered the complaint in the Action.

22   DHL denied Plaintiffs' material allegations; maintained that the Court should not certify the class

23   action proposed by Plaintiffs, that Plaintiffs and the proposed class was properly paid all wages

24   under California wage-and-hour law, and raised other defenses.

25           4.    After engaging in informal discovery and preliminary settlement negotiations,

26   Plaintiffs agreed to dismiss the FLSA claim and allegations pertaining to a nationwide class. The

27   Parties submitted a Joint Stipulation and on May 15, 2009, the Court signed an Order Dismissing

28   the First Cause of Action.

1    5.    After completing several key depositions and engaging in initial written

2    discovery, the Parties agreed to engage in an early mediation.  In anticipation of the mediation,

3    Defendant provided Plaintiffs with information regarding the number of putative Class Members,

4    their average rate of pay, and the average number of weeks each putative Class Member worked

5    within the limitations period.

6    6.    On August 6, 2009, the Parties attended a mediation session presided over by

7    Michael Loeb of JAMS, a mediator with significant experience in wage and hour class actions.  Each

8    Party was represented by their respective counsel during the good-faith negotiations facilitated by

9    Mr. Loeb.  While the Parties were unable to reach agreement at the mediation, the Parties continued

10   to negotiate for several weeks following the mediation, assisted by Mr. Loeb.  At the conclusion of

11   the additional negotiations, on September 4, 2009, the Parties signed a Memorandum of

12   Understanding outlining the key elements of the agreed upon settlement.

13   7.    Class Counsel represent that they have conducted a thorough investigation

14   into the facts of this case, and have diligently pursued an investigation of the Class Members' claims

15   against DHL, including (1) interviewing Class Members and analyzing the results of Class Member

16   interviews; (2) reviewing relevant documents; (3) researching the applicable law and the potential

17   defenses; and (4) taking the depositions of several DHL managers.  Based on their own independent

18   investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable

19   and adequate and is in the best interest of the Class in light of all known facts and circumstances,

20   including the risk of significant delay, defenses asserted by DHL, and potential appellate issues.

21   DHL agrees that the Settlement is fair, reasonable and adequate.

22   8.    It is the mutual desire of the Parties to fully, finally, and forever settle,

23   compromise, and discharge all disputes and claims raised in or related in any way to the Action.

24   Thus, the entry of the Final Approval Order in this Action shall dismiss with prejudice all claims

25   which were or which could have been alleged in Plaintiffs' Complaint.  The Parties agree to

26   cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of

27   this Settlement, to effectuate its terms, and to dismiss this Action with prejudice.

28   **III.    NO ADMISSION**

STIPULATION OF CLASS SETTLEMENT AND          7.                    Case No. CV-08-3756 JL
SETTLEMENT AGREEMENT

9.     Nothing contained in this Joint Stipulation and the Settlement contemplated in the Joint Stipulation shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of DHL, and DHL denies liability therefor.  While DHL believes that this Action meets the prerequisites for certification of a settlement class, the fact that DHL seeks approval of this Settlement in the form of a class action shall not be construed as an admission that the underlying action was properly brought as a class action, a representative action under California Business and Professions Code section 17200, or a collective action under the FLSA for purposes other than settlement.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  Settlement of the Action, the negotiation and execution of this Joint Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Joint Stipulation or the Settlement: (1) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of DHL; (2) are not, shall not  be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of DHL in any civil, criminal, administrative or arbitral proceeding in any court, administrative agency or other tribunal; and (3) are not, shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for class certification or administration other than for purposes of administering this Joint Stipulation.  This Joint Stipulation is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Joint Stipulation.

## IV.     CERTIFICATION OF A RULE 23 CLASS

10.     For Settlement purposes only, the Parties stipulate to conditional certification of the Settlement Class ("Class"), an opt-out class under Rule 23, Federal Rules of Civil Procedure, that is defined as follows:

> All current or former Field Services Supervisors employed by Defendant DHL in the State of California between August 6, 2004 and the date of the preliminary approval of the settlement and who have not, as of the date of the preliminary approval of the settlement, executed a general release of known and unknown employment claims against DHL, unless such release specifically permits participation in this Settlement by reference to this lawsuit.

---

STIPULATION OF CLASS SETTLEMENT AND
SETTLEMENT AGREEMENT

8.

Case No. CV-08-3756 JL

11.     The Parties stipulate that Plaintiffs Richard Hom and Justin Kelley shall be appointed as Class Representatives for the Settlement Class.

12.     The Parties stipulate that Stephen B. Morris of Morris and Associates, and Walter Haines of United Employees Law Group, P.C.,  shall be appointed Class Counsel for the Settlement Class.

13.     The stipulations to certify the Settlement Class are completely contingent upon final approval of this Agreement by the Court and are made for settlement purposes only.  If the Settlement is not approved by the Court, is overturned on appeal, or does not become final for any other reason, the Parties agree that the certification of the Settlement Class is void *ab initio* and that, if necessary, they shall stipulate to decertification of the Settlement Class without prejudice to the propriety of class certification being adjudicated on the merits.

## V.     TERMS OF THE SETTLEMENT

### A.     Maximum Gross Settlement Amount and Tax Allocation

14.     The Maximum Gross Settlement Amount under this Settlement, if all Class Members file valid and timely claims, is Seven Hundred Forty Thousand Dollars ($740,000.)  Under no circumstances will Defendant be required to pay more than Seven Hundred Forty Thousand Dollars ($740,000) total, for any reason whatsoever, under this Settlement Agreement.

15.     This Settlement does not establish a fund for the payment of claims.  The Maximum Gross Settlement Amount shall remain in the possession, custody, and control of DHL until the settlement amounts are distributed as set forth herein.  The Maximum Gross Settlement Amount shall not be segregated but shall remain in DHL's general funds until distributed or shall be provided to the Claims Administrator for distribution sufficiently in advance for the Claims Administrator to meet its obligations under the Settlement Agreement.  In the event that this Settlement Agreement is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the Action is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by the Court or any court of competent jurisdiction, DHL will cease to have any obligation to pay or provide any portion of the Maximum Gross Settlement Amount to anyone under the terms of this Settlement Agreement and all previous disbursements

from the Maximum Gross Settlement Amount will immediately be paid back to DHL by the person or entity who received such disbursements.

16.     The payment of the Maximum Gross Settlement Amount shall be accomplished by using a "claims made" procedure as set forth herein.  The Parties will apply the formula set forth in Section V.E  below for allocating the portion of the Maximum Gross Settlement Amount that is designated for payments to Participating Class Members (those who file a timely and valid Claim Form) in a manner that results in the complete distribution of that portion, assuming that all members of the Settlement Class participate in the distribution.  If fewer than all Class Members participate in the distribution, such unclaimed amounts are, shall continue to be and shall remain the exclusive property of DHL and shall be retained by, DHL, subject to the minimum payout of 60% of the Maximum Settlement Distribution Amount, as set forth in Paragraph 34 below.

17.     The Gross Settlement Payment to Participating Class Members shall be allocated as follows: Fifty Two Point One Seven Percent (52.17%) of such consideration shall be allocated to the payment of taxable wages and wage-related payments and Forty Seven Point Eight Three Percent (47.83%) of such consideration shall be allocated to the payment of non-taxable interest, penalties, liquidated damages, and related aspects of the settlement.

18.     For all Participating Class Members, the Claims Administrator shall make appropriate tax reporting and withholdings in accordance with applicable law and regulations and will issue required state and federal reporting documents (such as IRS Forms W-2s and 1099s).

**B.     Attorneys' Fees and Costs**

19.     The Action alleges a potential claim for attorneys' fees and costs pursuant to, *inter alia*, the California Labor Code.  The Parties agree that any and all such claims for attorneys' fees and costs have been settled in this Joint Stipulation subject only to approval by the Court.

20.     DHL understands that Class Counsel will apply to the Court for an award of attorneys' fees and costs, which will be scheduled for determination at the final fairness and approval hearing described in Paragraph 69 below.  Class Counsel will apply for, and DHL will not oppose, an award of attorneys' fees in an amount up to, but not to exceed, twenty-five (25) percent of the Maximum Gross Settlement Amount (which is equal to One Hundred Eighty-Five Thousand

1  Dollars ($185,000), and costs in the maximum amount of Ten Thousand Dollars ($10,000), all of

2  which shall be paid exclusively from the Maximum Gross Settlement Amount, and will compensate

3  Class Counsel for all of the work already performed in the Action and all work remaining to be

4  performed in documenting the Settlement, securing Court approval of the Settlement, administering

5  the Settlement, ensuring that the Settlement is fairly administered and implemented, obtaining

6  dismissal of the Action with prejudice, and defending against any appeals, as well as all associated

7  expenses.  Neither Richard Hom, Justin Kelley, Class Counsel, nor any other Class Member, shall

8  seek payment of attorneys' fees or reimbursement of costs or expenses from DHL except as

9  expressly set forth in this Joint Stipulation.

10  21.   The substance of Class Counsel's application for attorneys' fees and costs is

11  not a material part of this Joint Stipulation, and is to be considered separately from the consideration

12  of the fairness, reasonableness, adequacy, and good faith of the settlement of the Action.  However,

13  all claims for attorneys' fees and costs or expenses that the Settlement Class may possess against

14  DHL have been compromised and resolved in this Joint Stipulation.  Any proceedings related to

15  Class Counsel's application for attorneys' fees and costs shall not terminate or cancel this Joint

16  Stipulation.  If Class Counsel appeals the Court's ruling on its fee and cost application, the ruling of

17  the appellate court (regardless of its substance) shall not constitute a material alteration of a term of

18  this Joint Stipulation.

19  22.   No later than five (5) calendar days prior to the Final Effective Date, Class

20  Counsel shall deliver to counsel for DHL (1) written instructions signed by all Class Counsel that

21  describes the manner and mode of payment of such attorneys' fees and costs (and, in the absence of

22  such instructions, such attorneys' fees and costs shall be sent by U.S. mail as set forth below), and

23  (2) fully-executed Form W-9s with respect to all persons or entities to whom some or all of the

24  attorneys' fees and costs shall be paid.

25  23.   No later than five (5) calendar days after the later of (a) the date on which

26  counsel for DHL receives the written instructions referenced in the preceding paragraph; or (b) the

27  Final Effective Date, DHL shall issue a payment to Class Counsel for the amount of attorneys' fees

28  and costs approved by the Court and in accordance with the instructions provided by Class Counsel.

1      24.    DHL will issue to Class Counsel IRS Form 1099s for the amounts paid for

2    attorneys' fees and costs under this Settlement.

3    **C.    Payment to Claims Administrator**

4      25.    On or before the date of the Final Approval Hearing, the Claims

5    Administrator shall deliver to counsel for DHL a fully-executed Form W-9.

6      26.    No later than twenty (20) calendar days after the Final Effective Date, DHL

7    shall mail the Court-approved payment for the Claims Administrator's fees and costs to the Claims

8    Administrator in an amount not to exceed Twenty Thousand Dollars ($20,000).

9      27.    DHL will issue to the Claims Administrator an IRS Form 1099 for the sum

10   paid to it under this Settlement.

11   **D.    Enhancement Payment to Class Representative**

12     28.    DHL understands that Plaintiffs Richard Hom and Justin Kelley and Class

13   Counsel will apply to the Court for an award of Class Representative Payments, which will be

14   scheduled for determination at the final fairness and approval hearing.  Plaintiff Richard Hom and

15   Class Counsel will apply for a Class Representative Payment in an amount up to, but not to exceed,

16   Eight Thousand Five Hundred Dollars ($8,500), which shall be paid exclusively from the Maximum

17   Gross Settlement Amount, and will compensate Plaintiff Richard Hom for his services as Class

18   Representative.  Conditioned upon Mr. Hom's execution of a general release in favor of DHL, DHL

19   will not oppose Plaintiff Richard Hom's application for a Class Representative Payment up to the

20   stated amount.  Plaintiff Justin Kelley and Class Counsel will apply for a Class Representative

21   Payment in an amount up to, but not to exceed, Eight Thousand Five Hundred Dollars ($8,500),

22   which shall be paid exclusively from the Maximum Gross Settlement Amount, and will compensate

23   Plaintiff Justin Kelley for his services as Class Representative.  Conditioned upon Mr. Kelley's

24   execution of a general release in favor of DHL, DHL will not oppose Plaintiff Justin Kelley's

25   application for a Class Representative Payment up to the stated amount.

26     29.    Any Class Representative Payments awarded by the Court shall be in addition

27   to the payment, if any, Plaintiff Richard Hom and Plaintiff Justin Kelley may otherwise receive as a

28   Participating Class Member.

30.     No later than twenty (20) calendar days after the day the Final Effective Date, DHL shall issue a Class Representative Payments to Plaintiff Richard Hom and Plaintiff Justin Kelley in the amount approved by the Court.

31.     DHL will issue IRS Form 1099s to Mr. Hom and Mr. Kelley for the amount of the Class Representative Payment.

**E.     Distribution to Participating Class Members**

32.     Only those Participating Class Members (those who timely submit valid Claim Forms) are eligible to receive a settlement payment. To be timely, a Claim Form must be postmarked or actually received by the Claims Administrator by the date indicated on the Claim Form (which shall be the date set forth in Paragraph 44 below). To be valid, the Claim Forms must be completed in full including, but not limited to, the portion requesting the last four digits of the Class Member's Social Security Number, and signed under penalty of perjury without any deletion or amendment of any portion of the Claim Form including, but not limited to, the release language.

33.     The Maximum Settlement Distribution Amount to Participating Class Members shall be Four Hundred Sixty Thousand Dollars ($460,000). The Maximum Settlement Distribution Amount shall be available to pay timely, valid claims of Participating Class Members and the employee's share of payroll taxes due on such payments.

34.     The Gross Settlement Payment to Participating Class Members will be calculated and paid according to the number of Compensable Weeks employed by Class Members during the applicable Covered Period as follows.

a.     The total number of Compensable Weeks Employed by all of the Class Members shall constitute the "Total Compensable Weeks".

b.     The "Dollars Per Week" will be calculated by dividing the Total Compensable Weeks into the Maximum Settlement Distribution Amount.

c.     The portion of the Maximum Settlement Distribution Amount allocated to each Participating Class Member who timely submits a valid Claim Form and will be calculated by multiplying the Dollars Per Week by the total Compensable Weeks Employed by that Participating Class Member. The result shall be the Gross Settlement Payment to that Participating

1    Class Member.  The Gross Settlement Payment to an individual Participating Class Member shall be

2    allocated between taxable and non-taxable consideration as provided in Paragraph 17.  From the

3    portion of this Gross Settlement Payment which is taxable as wages shall be withheld the

4    employee's share of payroll taxes and all other applicable deductions or withholding required by law

5    or expressly authorized by the Participating Class Member.  The amount remaining for payment to

6    an individual Participating Class Member shall be the Net Wage Settlement Payment.  The portion

7    of the Gross Settlement Payment to an individual Participating Class Member which is allocated to

8    interest, penalties and other amounts not subject to taxes shall be the Non-Taxable Settlement

9    Payment.

10              d.      The Participating Class Members shall be paid their respective Net

11   Wage Settlement Payments and Non-Taxable Settlement Payments as provided in this Agreement.

12              e.      If less than sixty (60) percent of the Maximum Settlement Distribution

13   Amount is claimed in Gross Settlement Payments to Participating Class Members (after all duly

14   completed and timely Claim Forms have been considered and all challenges have been resolved), the

15   Parties will instruct the Claims Administrator to increase the amount to be distributed to

16   Participating Class Members so that no less than sixty (60) percent of the Maximum Settlement

17   Distribution Amount is distributed to Participating Class Members as Gross Settlement Payments.

18   The increase in the amount distributed shall be made on a pro rata basis proportionate to the amounts

19   claimed by each Participating Class Member.  If sixty (60) percent or greater of the Maximum

20   Settlement Distribution Amount has been claimed by Participating Class Members, no increase in

21   the amount to be distributed shall occur.  DHL shall not be obligated to pay any other amount to

22   Class Members.  This Paragraph is a material term in the Agreement and DHL has the right to void

23   this Settlement, in its entirety within ten (10) days of Preliminary Approval, if this term is not

24   approved by the Court as submitted.

25

26

27

28

## VI.   APPOINTMENT AND DUTIES OF CLAIMS ADMINISTRATOR

35.   The Claims Administrator shall perform the following duties in connection with administration of the Settlement: (1) using the data provided by DHL to prepare the Claim Forms for each Class Member, as described in section VII.B of this Settlement; (2) obtaining updated forwarding addresses for Class Members using appropriate methods, as described in Paragraph 39 of this Settlement; (3) mailing the Notice, Claim and Exclusion Forms to Class Members; (4) tracking non-delivered Notice, Claim and Exclusion Forms and taking reasonable steps to re-send them to Class Members' current addresses; (5) tracking and timely reporting to Class Counsel and Counsel for DHL returned Claim Forms and submitted requests not to participate in Settlement; (6) calculating the amounts due to each Participating Class Member pursuant to the Settlement; (7) calculating the applicable employee and employer payroll taxes and deductions; (8) resolving disputes (if any) by Class Members regarding the number of Compensable Weeks Employed or other matters, after timely notice to and consultation with Class Counsel and counsel for DHL; and (9) contacting all Participating Class Members who have not cashed their Settlement Checks to remind them to do so before the six-month deadline for doing so expires.

36.   All disputes relating to the Claims Administrator's performance of its duties will be referred to the Court, if necessary, which will have continuing jurisdiction over this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

## VII.   NOTICE TO THE CLASS OF THE SETTLEMENT AND THE CLAIM PROCESS

### A.   Mailing the Class Notice and Claim and Exclusion Forms to the Class Members

37.   Within fifteen (15) calendar days after the Court enters its Preliminary Approval Order, DHL will provide to the Claims Administrator a database that lists, for each Class Member, the individual's name, Social Security Number, last known address and telephone number; and dates of employment as a Field Services Supervisor. This database will be drawn from DHL's payroll and other business records and will be in a format acceptable to the Claims Administrator and DHL. DHL will consult with the Claims Administrator prior to the date for providing this information to ensure that the format will be acceptable to the Claims Administrator. DHL will also

1    provide Class Counsel with a list of each Class Member's name; and the dates of employment as a

2    Field Services Supervisor. The data provided to the Claims Administrator and Class Counsel will

3    remain confidential and will not be disclosed to anyone, except as required to applicable tax

4    authorities, pursuant to DHL's express written consent, or by order of the Court.

5              38.    Within twenty (20) calendar days after DHL provides to the Claims

6    Administrator the database pursuant to Paragraph 37, above, the Claims Administrator will mail, by

7    first-class mail, the Class Notice, Claim Form and Exclusion Form to all Class Members at their last

8    known address, unless modified by any updated address information that the Claims Administrator

9    obtains in the course of administration of the Settlement.

10             39.    The Claims Administrator will use standard devices, including the National

11   Change of Address database or equivalent, to obtain forwarding addresses prior to mailing and will

12   use appropriate skip tracing to take appropriate steps to maximize the probability that the Notice

13   Materials will be received by all Class Members. Under no circumstances will the Claims Period be

14   extended by virtue of the Claims Administrator's efforts to locate a Class Member whose Notice has

15   been returned.

16             40.    The Claims Administrator shall provide regular reports to Class Counsel and

17   DHL's counsel as to the mailings of Class Notices, Claim Forms, and Exclusion Forms, and the

18   receipt of Claim Forms, Exclusion Forms and Objections prior to the close of the period in which

19   claims can be made. The Claims Administrator shall also provide the reports described in

20   Paragraphs 55 - 57 below.

21   **B.    Claim Form**

22             41.    The Claim Form mailed to the Class Members will show for the recipient

23   Class Member his or her estimated Gross Settlement Payment, the dates of his or her employment as

24   a Field Services Supervisor, and number of Compensable Weeks Employed. The estimated Gross

25   Settlement Payment shall be calculated under the assumption that (a) the Court finally approves the

26   Settlement in accordance with this Agreement; and (b) sixty percent (60%) or more of the Maximum

27   Settlement Distribution Amount is claimed by Participating Class Members.

28             42.    Class Members will have the opportunity to challenge the information pre-

printed on their individualized Claim Forms, including the job title, dates of employment as a Field Services Supervisor, and number of Compensable Weeks Employed, by submitting a written challenge along with their signed Claim Form and supporting documentation to the Claims Administrator within the time period provided for submitting the Claim Form. Any challenges to the information pre-printed on the Claim Form must be supported by documentary evidence; the Claims Administrator will reject any challenge not supported by such evidence.

43.     Timely challenges submitted with documentary evidence will be resolved without hearing by the Claims Administrator after consultation with Class Counsel and Counsel for DHL. DHL's records will be presumed correct, but the Claims Administrator will evaluate the evidence submitted by the Class Member and will make a final determination based on its evaluation of all the evidence presented.

44.     In order for a Class Member to be eligible to participate in this Settlement and to receive any settlement payments, the Class Member must submit a valid, fully-executed Claim Form (along with all required documentation) to the Claims Administrator that is postmarked by, or physically delivered to the Claims Administrator, no later than sixty (60) calendar days after the initial date of mailing of the Notices and Claim Forms. No Claim Forms will be accepted if postmarked or physically received by the Claims Administrator after the deadline indicated. All original Claim Forms shall be sent directly to the Claims Administrator at the address indicated on the Claim Form.

45.     In the event that a Claim Form is submitted timely but is deficient in one or more respects, the Claims Administrator will return the Claim Form to the Class Member within five (5) business days of receipt with a notice explaining the deficiencies and stating that the Class Member will have ten (10) business days from the date of the deficiency notice to correct the deficiency and resubmit the Claim Form. The envelope containing the resubmitted Claim Form must be postmarked within ten (10) business days of the date of the deficiency notice to be considered timely, absent a showing of good cause.

46.     Information regarding which individual Class Members submit Claim Forms and which Class Members do not submit Claim Forms will be shared within DHL on a need-to-

know basis, to the extent feasible and consistent with the Settlement.  Specifically, the dissemination of such information will be limited, to the extent feasible, to DHL's outside counsel, DHL's in-house counsel, and DHL's Human Resources Department.  DHL will have no policy of disseminating such information to managers within Class Members' chains of command.  These limitations will not prevent DHL from sharing any information with any DHL employee if the sharing of such information is necessary to accomplish legitimate business goals or the fulfillment of the aims of this Settlement.

### C.   Objections to Settlement

47.   The Class Members will have forty-five (45) calendar days after the date on which the Claims Administrator mails the Notice Materials to object to the Settlement by serving on the Claims Administrator, Class Counsel, and Counsel for DHL, and filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement.

48.   Any Class Member who intends to submit an objection also must timely submit a Claim Form in accordance with the provisions set forth in Section VII.B, above.  Any Class Member who has elected not to participate in the Settlement (pursuant to the procedure set forth in Section VII.D, below) may not submit an objection to the Settlement.

49.   A Class Member who does not file and serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objections to the Settlement (whether by appeal or otherwise).

50.   Counsel for the Parties shall file any response to any objections filed by objecting Class Members at least seven (7) calendar days before the Final Approval Hearing.

**D.   Election Not to Participate in the Class Settlement**

51.   In order for a Class Member to validly and effectively request exclusion from, and opt out of, this Settlement, the Class Member must submit to the Claims Administrator an Exclusion Form.  In order to be valid, the Exclusion Form must be postmarked by, or physically delivered to the Claims Administrator no later than sixty (60) calendar days after the date of mailing of the Notices, Claim Forms and Exclusion Forms.  No request not to participate will be accepted if postmarked or physically received by the Claims Administrator after the deadline indicated.

52.   Any Class Member who does not properly and timely submit an Exclusion Form will automatically be bound by all terms and conditions of the Settlement, including its release of claims, if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement or submitted a completed Claim Form.

53.   A Class Member who properly and timely submits an Exclusion Form will not be bound by the Settlement, and will remain free to contest any claim brought by the Plaintiffs that would have been barred by the Settlement, and nothing in this Settlement will constitute or be construed as a waiver of any defense DHL has or could assert against such a claim.

54.   Plaintiffs Richard Hom and Justin Kelley may not opt-out of the Settlement Class or file an objection to the Settlement.

**E.   Reports and Declaration by Claims Administrator**

55.   By not later than ten (10) calendar days after expiration of the 60-day deadline for submission of written requests not to participate in the Class Settlement, the Claims Administrator will submit to Class Counsel and Counsel for DHL a report setting forth the people (identified by name and the last four digits of their Social Security Number) who as of that date have submitted (a) valid Exclusion Forms, and (b) invalid requests not to participate in the Settlement (the "Opt-Out Report").  In the event that the Claims Administrator subsequently receives a request not to participate in the Settlement, it will promptly distribute an updated Opt-Out Report.

56.   By not later than ten (10) days after expiration of the 60-day deadline for submission of Claim Forms, the Claims Administrator will submit to Class Counsel and Counsel for DHL a report setting forth the people (identified by name and the last four digits of their Social

1    Security Number) who as of that date have submitted (a) valid Claim Forms and (b) invalid Claim

2    Forms, along with the Gross Settlement Amount for each individual on the list, as calculated

3    pursuant to Paragraph 34, above.

4            57.    By not later than the date when Plaintiffs files their motion for final approval

5    of the Settlement, the Claims Administrator will prepare and submit for filing in support of the

6    motion a declaration attesting to its mailing of the Class Notice, Claim Form and Exclusion Form,

7    its receipt of valid Claim Forms (indicated by number of Participating Class Members only), its

8    receipt of Exclusion Forms, and its inability to deliver the Class Notice, Claim Form and Exclusion

9    Form to potential Class Members due to invalid addresses.  Prior to the Final Approval Hearing, the

10   Claims Administrator will prepare and submit for filing in support of the motion a supplemental

11   declaration as applicable.

12   **VIII.   RIGHT TO RESCIND**

13           58.    In the event that seven percent (7%) or more of the Class Members submit

14   Exclusion Forms or other valid requests not to participate in the Settlement, DHL will have the

15   exclusive right in its sole discretion to rescind the Settlement, and all actions taken in its furtherance

16   will be null and void.  DHL must exercise this right within fourteen (14) days after the later of: 1)

17   the deadline for submitting requests not to participate in the Settlement; and 2) the date on which the

18   Claims Administrator first informs DHL that at least seven percent (7%) of the potential Class

19   Members have submitted Exclusion Forms or other valid requests not to participate in the

20   Settlement.

21   **IX.    DISTRIBUTION OF THE SETTLEMENT PAYMENTS**

22           59.    No later than seven (7) calendar days after the Final Effective Date, the

23   Claims Administrator will provide counsel for DHL and Class Counsel with a list of those members

24   of the Class (identified by name and the last four digits of his or her Social Security Number) who

25   filed valid Claim Forms and the Gross Settlement Payment for each individual on that list.  The sum

26   of the Gross Settlement Amounts due to the individuals on the list shall constitute the "Class

27   Settlement Payment".  The Class Administrator shall also inform counsel for DHL of the amount of

28   employer payroll taxes and other deductions due to be transmitted by DHL to the Claims

1   Administrator based on the wage portion of the Gross Settlement Payments for all of the individuals

2   on that list.   The sum of the employer payroll taxes and other deductions shall constitute the

3   "Employer Payroll Taxes."

4       60.   DHL will cause the Class Settlement Payment and the Employer Payroll

5   Taxes to be wired to the Claims Administrator no later than fifteen (15) calendar days after the

6   Claims Administrator provides counsel for DHL with the list described in the preceding paragraph

7   along with wire instructions.

8       61.   Within thirty (30) calendar days after the Final Effective Date, the Claims

9   Administrator will distribute to every Participating Class Member his or her Net Wage Settlement

10  Payment and Non-Taxable Settlement Payment.

11      62.   The Claims Administrator will timely remit the employer's and employee's

12  portion of the payroll and other taxes associated with the settlement payments to the proper

13  authorities, as required by law.  In addition, the Claims Administrator will timely issue a Form W-2

14  to each Participating Class Member that reflects the wage portion of the settlement payment and a

15  Form 1099 to each Participating Class Member that reflects the non-wage portion of the settlement

16  payment.

17      63.   By not later than ninety (90) days after the checks are mailed to the

18  Participating Class Members the Claims Administrator will contact either by telephone or letter each

19  Participating Class Member who has not cashed his or her settlement check and remind him or her to

20  do so before the six-month deadline.  The Claims Administrator will inform those individuals that if

21  they fail to cash their settlement checks by the six-month deadline, they will not receive any money

22  under the Settlement, and their settlement proceeds represented by the check will be returned to

23  DHL.  By no later than one hundred and fifty (150) days after the settlement checks are mailed to

24  every Participating Class Member, the Claims Administrator will again contact those individuals

25  who have not cashed their checks with the same reminder and information.

26      64.   If any Participating Class Member does not cash his or her settlement check(s)

27  within six (6) months after issuance, ten (10) business days after the check-cashing deadline the

28  Claims Administrator shall void the check and return the funds it was holding for payment of the

1    check to DHL.

2    **X.    RELEASE OF CLAIMS**

3          **A.    Released Claims by Class Members Who Do Not Opt Out**

4            65.    As of the date the Final Approval Order is entered by the Court and except as

5    to such rights or claims as may be created by this Settlement, to the maximum extent allowed by

6    law, each Class Member who has not timely and effectively opted out, will be deemed to have

7    released claims as follows, which will be incorporated into the Notice and Claim Form:

8            "In consideration of this settlement, I hereby release and discharge DHL and its

9    former and current parents, subsidiaries, and affiliated corporations, all of their officers, directors,

10   employees, partners, shareholders, and agents, and any other insurers, successors, assigns, and legal

11   representatives (the "Released Parties"), from any and all claims, charges, complaints, liens,

12   demands, causes of action, obligations, damages and liabilities, whether <u>suspected or unsuspected</u>,

13   <u>known claims or Unknown Claims</u>, that I had, now have, or may hereafter claim to have against the

14   Released Parties and that arise from or relate in any way to arising from my employment as a Field

15   Services Supervisor during the Covered Period based upon the facts alleged in or encompassed by

16   the Complaint, including but not limited to all claims related to misclassification of exempt status,

17   overtime, missed meal periods, missed rest breaks, failure to provide timely accurate wage

18   statements and maintain required payroll records, waiting time penalties, interest and other penalties,

19   damages, and injunctive relief under federal and state law, including but not limited to the California

20   Labor Code, the Wage Orders of the California Industrial Welfare Commission, California Business

21   & Professions Code § 17200 et seq., the California Labor Code Private Attorneys General Act of

22   2004, Labor Code § 2699, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.*, and

23   the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 *et seq.* ("Released

24   Claims").

25

26

27

28

I understand that the capitalized terms above are defined as follows:

- DHL means DHL Express (USA) Inc.

- Covered Period means the period from August 6, 2004 through[date of preliminary approval].

- Unknown Claims includes any claims about which I am not aware of and which, if I later learn of, I will not be able to obtain any remedy. In this regard, I waive California Civil Code Section 1542, which provides:

    A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

66.      Class Members who do not timely and validly exclude themselves from the Settlement and who do not timely and validly file a Claim Form shall be deemed as of the date of the Final Approval Order to have released the same Released Claims as those who timely and validly do file Claim Forms as set out in Paragraph 65 of this Agreement.

**B.      Released Claims by the Class Representative**

67.      As of the date the Final Approval Order is entered by the Court and except as to such rights or claims as may be created by this Settlement, to the maximum extent allowed by law, the Class Representatives will be deemed to have released claims as follows:

The Class Representatives hereby fully and finally release and discharges the Released Parties (defined in Paragraph 65, above) from any and all of the Released Claims (defined in Paragraph 65, above) and from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that the Class Representatives have, now have, or may hereafter claim to have against the Released Parties arising out of, or relating in any way to, the Class Representatives' hiring by, employment with, separation of employment with, or otherwise relating to the Released Parties ("Class Representatives' Released Claims"), arising or accruing from the beginning of time up through the date of the Final Approval Hearing ("Class Representatives' Released Period"). The Class Representatives' Released Claims include, but are not limited to, claims arising from or dependent

on the California Labor Code, the Wage Orders of the California Industrial Welfare Commission, California Business and Professions Code Section 17200, *et. seq.*, California Labor Code Private Attorneys General Act of 2004, Labor Code § 2699, *et seq.*, the California Fair Employment and Housing Act, Cal. Gov't Code Section 12900 *et seq.*, the California common law of contract and tort, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq.*, the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 *et seq.*, the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* and the Portal to Portal Act, 29 U.S.C. Section 251, *et seq.* The Class Representatives shall also sign and deliver to counsel for DHL a General Release in a form mutually agreed upon by the parties on or before the fifth calendar day following the Final Approval Hearing.

## XI.    DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

68.    The Parties shall submit this Joint Stipulation to the Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. As soon as reasonably possible upon execution of this Joint Stipulation, the Parties shall apply to the Court for the entry of an Order Granting Preliminary Approval of the Settlement and Notice which shall provide for, among other things, the following:

a.    Scheduling a final fairness and approval hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the Settlement Class and providing that such final fairness and approval hearing be scheduled for a date that is no earlier than the date required to ensure compliance with the Class Action Fairness Act;

b.    Approving as to form and content the proposed Notice described herein;

c.    Approving as to form and content the proposed Claim Form and Exclusion Form described herein;

d.    Directing the mailing of the Notices, Claim Forms, and Exclusion Forms by first class mail to the Class Members;

1          e.      Preliminarily approving the Settlement;

2          f.      Preliminary certifying the Class  for settlement purposes only; and

3          g.      Approving Morris and Associates and United Employees Law Group,

4    PC as Class Counsel, Richard Hom and Justin Kelley as Class Representatives, and Gilardi & Co.

5    LLC, or an administrator mutually agreed to by the Parties, as Claims Administrator.

6    **XII.    DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

7          69.     Following final approval by the Court of the Settlement, the Parties will

8    submit a Joint Proposed Order Granting Final Approval of the Class Action Settlement and

9    Dismissing Action With Prejudice which shall provide, among other things, as follows:

10         a.      Approving the Settlement, adjudging the terms thereof to be fair,

11   reasonable and adequate, and directing consummation of its terms and provisions;

12         b.      Approving Class Counsel's application for an award of attorneys' fees

13   and reimbursement of costs;

14         c.      Approving the Class Representatives' service payments;

15         d.      Certifying the Settlement Class for purposes of this Settlement only;

16   and

17         e.      Dismissing this Action on the merits and with prejudice, permanently

18   barring the Class Members who do not timely and validly exclude themselves from the Settlement

19   from prosecuting any and all Released Claims against the Released Parties, and permanently barring

20   the Class Representatives from prosecuting any and all Class Representatives' Released Claims

21   against the Released Parties.

22         70.     If the Parties cannot agree upon the content of a Joint Proposed Order, they

23   shall submit competing Proposed Orders to the Court for consideration during the final approval

24   hearing.

25   **XIII.    EFFECT OF NON-APPROVAL**

26         71.     If this Agreement is not preliminarily or finally approved by the Court and/or

27   if a Final Approval Order is not entered dismissing the Action with prejudice or if DHL exercises the

28   option to revoke pursuant to Paragraphs 34(e) or 58, above (*e.g.*, because the Court does not approve

STIPULATION OF CLASS SETTLEMENT AND
SETTLEMENT AGREEMENT                              25.                          Case No. CV-08-3756 JL

1  60% minimum pay-out, or, the opt-outs from the Class exceed 7%), this Agreement shall be null and

2  void. In such event, (1) nothing in this Agreement shall be construed as a determination, admission,

3  or concession of any issue in the Action, and nothing in this Joint Stipulation may be offered into

4  evidence in any trial on the merits of the claims asserted in the Complaint filed in the Action or in

5  any subsequent pleading; (2) the Parties expressly reserve their rights with respect to the prosecution

6  and defense of the Action as if this Agreement never existed; and (3) DHL shall be responsible for

7  any costs for Notice or claims administration incurred by the Claims Administrator through that

8  date; *provided* that such costs shall be recoverable in the event that DHL is the prevailing party in

9  the Action. If there is any reduction in the attorneys' fees or costs awards or the Class

10  Representative Payment, such reduction may be appealed but is not a basis for rendering this

11  Agreement void, voidable and/or unenforceable.

12  **XIV. NO SETTLEMENT FUND**

13  72. The Parties agree that because no settlement fund has been or will be created

14  by this Agreement (as set forth in Paragraph 15), California Code of Civil Procedure Section 384

15  and the doctrines of *Cy Pres* and *escheat* are not applicable to the Agreement or the settlement

16  contemplated by this Agreement. As no obligation to pay Participating Class Members is created

17  until a valid Claim Form is timely filed, there is no residue. Neither Plaintiffs nor their counsel shall

18  take, or cause any other person to take, a position before any court, including the Court, that

19  California Code of Civil Procedure Section 384 and/or the doctrines of *Cy Pres* and *escheat* apply to

20  this Settlement.

21  **XV. CONFIDENTIALITY PRECEDING MOTION FOR PRELIMINARY APPROVAL**

22  73. Except for disclosures authorized by DHL or necessary to prepare the motion

23  for preliminary approval, the terms of this Settlement shall remain confidential until they are

24  presented to the District Court in connection with the motion for preliminary approval.

25  **XVI. MUTUAL FULL COOPERATION**

26  74. The Parties will fully cooperate with each other and use their best efforts,

27  including all efforts contemplated by this Settlement and any other efforts that may become

28  necessary or ordered by the Court, or otherwise, to accomplish the terms of this Settlement,

including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Settlement and to implement its terms.

## XVII. AMENDED COMPLAINT

75. Plaintiffs shall file an Amended Complaint within fifteen (15) days of the Court's entry of an Order of Preliminary Approval granting leave to file the Amended Complaint. The Complaint is amended to add claims under the California Private Attorney General Act, California Labor Code Section 2698, *et. seq.*

76. The allegations in the Amended Complaint are deemed controverted by the Answer previously filed by DHL in response to the Complaint, and no further responsive pleading is required.

## XVIII. NO PRIOR ASSIGNMENTS

77. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights and liabilities of every nature and description released under this Settlement.

## XIX. NOTICES

78. Unless otherwise specifically provided by this Settlement, all notices, demands or other communications given under this Settlement will be in writing and be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return-receipt requested, addressed as follows:

**To Plaintiffs and the Settlement Class:**
STEPHEN B. MORRIS
Morris and Associates
444 West C Street, Suite 300
San Diego, CA 92101
Telephone:    (619) 239-1300

**To DHL:**
R. BRIAN DIXON
LITTLER MENDELSON
650 California Street, 20th Floor
San Francisco, CA  94108
Telephone:    (415) 433-1940

## XX.   CONSTRUCTION

79.     This Settlement is the result of lengthy, arms-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his or its counsel participated in the drafting of this Settlement.

## XXI.   CAPTIONS AND INTERPRETATIONS

80.     Paragraph and section titles, headings, or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions. Each term of this Settlement is contractual and not merely a recital, except for those set forth in Section II, above.

## XXII.   MODIFICATION

81.     This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## XXIII.  APPLICABLE LAW

82.     All terms and conditions of this Agreement will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law or choice of law principles.

## XXIV.  INTEGRATION CLAUSE

83.     This Settlement constitutes the entire agreement between the Parties relating to the Settlement and transactions contemplated by the Settlement. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, are merged into this Settlement. No rights under this Settlement may be waived except in writing.

## XXV.   BINDING ON ASSIGNS

84.     This Settlement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## XXVI.  CLASS MEMBER SIGNATORIES

85.     It is agreed that because the members of the Class are so numerous, it is

1    impossible or impractical to have each Class Member who does not timely and validly opt-out

2    execute this Settlement.  The Class Notice will inform all Class Members of the binding nature of

3    the release contained herein will have the same force and effect as if this Settlement were executed

4    by each Class Member who does not timely and validly opt-out.

5    **XXVII.        COUNTERPARTS**

6                 86.      This Settlement may be executed in counterparts, and when each Party has

7    signed and delivered at least one such counterpart, each counterpart will be deemed an original, and,

8    when taken together with other signed counterparts, will constitute one Settlement, which will be

9    binding upon and effective as to all Parties.

10                 87.      This Settlement may be signed by facsimile signature or digital signature,

11   each of which will have the same force and effect as an original signature.

12   **XXVIII.       PARTIES' AUTHORITY TO SIGN**

13                 88.      The signatories to this Settlement hereby represent that they are fully

14   authorized to enter into this Settlement on behalf of themselves or their respective principals.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXECUTION BY PARTIES AND COUNSEL**

2        The Parties and their counsel hereby execute this document to evidence their

3    acceptance of and agreement to the Settlement.

4
     Dated: _____, 2009
5

6
                                          _____
7                                         RICHARD HOM
                                          Plaintiff
8
     Dated: _____, 2009
9

10
                                          _____
11                                        JUSTIN KELLEY
                                          Plaintiff
12
     Dated: _____, 2009
13

14
                                          _____
15                                        STEPHEN B. MORRIS
                                          MORRIS AND ASSOCIATES
16                                        Attorneys for Plaintiffs

17   Dated: November 16, 2009

18

19                                        _____
                                          DHL EXPRESS (USA) INC.
20                                        Defendant
                                          By: Bradley Paskianch, Sr. Legal Counsel
21   Dated: Nacmber 16, 2009

22                                        _____
                                          R. BRIAN DIXON LAURA E HAYWARD
23                                        LITTLER MENDELSON
                                          A Professional Corporation
24                                        Attorneys for Defendant
                                          DHL EXPRESS (USA) INC.
25

26

27   Firmwide:92669440.1 047975.1038

28

---

**STIPULATION OF CLASS SETTLEMENT AND          30.          Case No. CV-08-3756 JL**
**SETTLEMENT AGREEMENT**

## EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this document to evidence their acceptance of and agreement to the Settlement.

Dated: 11/13/09 , 2009

_____
RICHARD HOM
Plaintiff

Dated: _____, 2009

_____
JUSTIN KELLEY
Plaintiff

Dated: 11/10/09 , 2009

_____
STEPHEN B. MORRIS
MORRIS AND ASSOCIATES
Attorneys for Plaintiffs

Dated: _____, 2009

_____
DHL EXPRESS (USA) INC.
Defendant
By: _____

Dated: _____, 2009

_____
R. BRIAN DIXON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DHL EXPRESS (USA) INC.

Firmwide:92669440.1 047975.1038

STIPULATION OF CLASS SETTLEMENT AND
SETTLEMENT AGREEMENT                    30.                    Case No. CV-08-3756-JL

1

## EXECUTION BY PARTIES AND COUNSEL

2      The Parties and their counsel hereby execute this document to evidence their

3  acceptance of and agreement to the Settlement.

4

5  Dated: _____, 2009

6
                                    _____
7                                   RICHARD HOM
                                    Plaintiff
8  Dated: *November  11*, 2009

9
                                    _____
10                                  JUSTIN KELLEY
                                    Plaintiff
11

12 Dated: *11/10/09*, 2009

13
                                    _____
14                                  STEPHEN B. MORRIS
                                    MORRIS AND ASSOCIATES
15                                  Attorneys for Plaintiffs

16

17 Dated: _____, 2009

18
                                    _____
19                                  DHL EXPRESS (USA) INC.
                                    Defendant
20                                  By: _____

21 Dated: _____, 2009

22
                                    _____
23                                  R. BRIAN DIXON
                                    LITTLER MENDELSON
24                                  A Professional Corporation
                                    Attorneys for Defendant
25                                  DHL EXPRESS (USA) INC.

26

27 Firmwide:92669440.1 047975.1038

28

STIPULATION OF CLASS SETTLEMENT AND          30.                     Case No. CV-08-3756 JL
SETTLEMENT AGREEMENT