1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HOM, an individual on behalf of himself and JUSTIN KELLEY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation conducting business in the State of California, and Does 1 to 10.<br><br>Defendants. | CASE NO. C 08-03756 JL<br><br>[~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

On April 14, 2010, the Court heard the joint motion of Defendant DHL Express (USA), Inc. ("DHL" or "Defendant") and Plaintiffs Richard Hom and Justin Kelley ("Plaintiffs") for final approval of the class action settlement of the above entitled case, the Honorable James Larson presiding, Having considered the papers submitted in support of the motion and having heard oral argument of the parties, the Court HEREBY ORDERS AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the above entitled case and over all parties, including all Class Members.

2. The Court grants final approval of the settlement of the above class action based upon the terms set forth in the Joint Stipulation of Class Settlement and Class Settlement Agreement and Release ("Settlement Agreement") filed with the Court. This Settlement Agreement includes the settlement of all claims brought by Plaintiffs on behalf of themselves and similarly situated employees of DHL who work or worked as Field Service Supervisors in California. All terms used in this final approval order shall have the same meaning as defined in this Settlement Agreement.

3. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel, assisted by a respected mediator. The Court further finds that the Settlement is fair, adequate, reasonable, and in the best interest of the Settlement Class Members and hereby grants final approval to the Settlement. In so doing, the Court has thoroughly considered such factors as: the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation, the risk of maintaining class action status throughout the trial; the amount offered in settlement, the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement.

4. Pursuant to the Court's Order Granting Preliminary Approval of the Class Action Settlement ("Preliminary Approval Order") entered on November 19, 2009, the Court preliminarily certified for settlement purposes only the following Settlement Class in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and under section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b):

> All current or former Field Services Supervisors employed by Defendant DHL in the State of California between

August 6, 2004 and November 19, 2009 and who have not executed a general release of known and unknown employment claims against DHL, unless such release specifically permits participation in this Settlement by reference to this lawsuit.

5. The proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of Plaintiffs Richard Hom and Justin Kelley are typical of the claims of the members of the proposed Class; (d) Plaintiffs Richard Hom and Justin Kelley will fairly and adequately protect the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives is qualified to serve as counsel for the Class Representatives in their own capacity as well as their representative capacity and for the Class.

6. In accordance with the Preliminary Approval Order, the Settlement Administrator caused to be mailed the Notice, including the Claim and Exclusion Forms (collectively the "Notice Packet") to all Class Members. The Notice Packets were sent via first class mail within the time mandated in the Preliminary Approval Order, and adequately informed the Class of: (1) the pendency of the proposed Settlement Agreement; (2) all material elements of the proposed Settlement; (3) the April 14, 2010 hearing date for final approval of the Settlement; and (4) the opportunity to be excluded from the proposed Class or otherwise object to the proposed Settlement. The Declaration of Bernella Lenhart on behalf of the Settlement Administrator, filed on March 8, 2010, demonstrates that the Settlement

Administrator has complied with the Preliminary Approval Order. This Notice fully satisfied the requirements of due process, having been sent to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances.

7. The Court confirms the law firms of Morris and Associates and United Employee Law Group as Class Counsel, and Plaintiffs Richard Hom and Justin Kelley as the Class Representatives.

8. The Court grants final approval to the following payments and authorizes the Settlement Administrator to make such payments out of the Total Settlement Amount in accordance with the terms of the Settlement Agreement:

    a) an award of attorneys' fees to Class Counsel in an amount of $185,000.00, plus costs in the amount of $10,000; and

    b) service payments to Plaintiffs Richard Hom and Justin Kelley of $8,500 per person; and

    c) the PAGA Payment of $20,000; and

    d) the fees and expenses of the Claims Administrator not to exceed $20,000

9. The Court grants final approval and authorizes the Settlement Administrator to pay in accordance with the terms of the Settlement Agreement: (1) the Individual Settlement Amounts to the Settlement Class Members who have returned accepted claims and (2) the employee portion of all applicable tax withholdings including, but not limited to, FICA, FUTA and other employment related taxes and withholding of federal, state and local income taxes and (3) the amount of up to Twenty-Eight Thousand Dollars ($28,000) as and for the employer's share of FICA, FUTA, and all other state and federal payroll taxes and

1  deductions for the wage portion of the Settlement Payments

3      10.    No objections have been filed by any Class Member.

5      11.    __Five_____ Class Members timely opted out of the Settlement by
6  submitting a valid Request for Exclusion.

8      12.    The Court enjoins any Settlement Class Member from filing any claim
with the California Division of Labor Standards Enforcement ("DLSE"), or from
initiating other proceedings, regarding any of the Claims released or to be released
as part of this Settlement.

13      13.    The Settlement is not an admission by Defendants nor is this Order a
finding of the validity of any claims asserted in the consolidated actions or any
wrongdoing by Defendant. In addition, the Settlement is not an admission nor is
this Order a finding that the certification of the Settlement Class is proper for any
purpose or proceeding other than for settlement purposes in the present case.
Furthermore, neither this Order, the settlement, any judgment, nor any document,
statement, proceeding, or conduct related to the Settlement shall be construed as, or
deemed to be evidence of, or an admission or concession with regard to, the denials
or defenses by Defendant, and shall not be offered in evidence in any action or
proceeding against the parties in any court, administrative agency, or other tribunal
for any purpose whatsoever other than to enforce the provisions of this Order.
However, the Settlement Agreement may be admitted in evidence and otherwise
used in any and all proceedings to enforce any or all terms of the Settlement, or in
defense of any claims released or barred by the Settlement.

    14.    The Complaint and all claims alleged therein are hereby dismissed with

prejudice against all members of the Settlement Class in favor of Defendant. Without affecting the finality of this Order, this Court retains continuing jurisdiction over the interpretation, implementation, administration, and enforcement of the terms of the Settlement.

Dated:     4-14-10                *James Larson*

                                              Honorable James Larson